**Humberto E. RESTREPO, Petitioner–Appellant,**

v.

**Walter R. KELLY, Respondent– Appellee.**

**Docket No. 97–2944.**

United States Court of Appeals, Second Circuit.

Argued April 21, 1999.

Decided June 2, 1999.

Marjorie M. Smith, Tappan, New York (Englander & Smith, Tappan, New York, on the brief ), for Petitioner-Appellant.

Joseph M. Latino, Assistant District Attorney, White Plains, New York (Jeanine Pirro, District Attorney of Westchester County, Richard E. Weill, Second Deputy District Attorney, White Plains, New York, on the brief), for Respondent-Appellee.

Before: KEARSE, McLAUGHLIN, and CALABRESI, Circuit Judges.

KEARSE, Circuit Judge:

Petitioner Humberto E. Restrepo, a New York State ("State") prisoner, appeals from a final judgment of the United States District Court for the Southern District of New York, Barbara S. Jones, *Judge*, dismissing his petition under 28 U.S.C. § 2254 for a writ of habeas corpus on the ground that the attorney representing him in his criminal case failed, despite requests and inquiries by Restrepo, to file a notice of appeal from the conviction, thereby violating Restrepo's Sixth Amendment right to the effective assistance of counsel. The district court denied the petition, ruling that federal habeas review is unavailable because Restrepo failed to make a timely motion pursuant to N.Y.Crim. Proc. Law § 460.30 (McKinney 1994) for an extension of his time to appeal, and that that failure constituted a state procedural default for which he could show neither cause nor prejudice. On appeal, Restrepo contends that he has proffered evidence of failures and false representations by his attorney sufficient to show cause for the failure to timely pursue his appeal, and that since counsel's derelictions prevented a direct appeal from the conviction, prejudice is to be presumed. For the reasons that follow, we agree, and we therefore vacate the judgment and remand for an evidentiary hearing on the merits of the petition.

## I. BACKGROUND

In November 1990, after a bench trial in New York Supreme Court, Restrepo was convicted of kidnaping, assault, grand lar-

ceny, and criminal possession of a weapon, and was sentenced to a prison term of 15 years to life. He was represented at trial by retained counsel, Joseph C. Schioppi. At sentencing, the trial court informed Restrepo, through a Spanish-language interpreter, of his right to appeal and stated that "Mr. Schioppi, your present attorney, will represent you, he will file a written notice of appeal within thirty days if you ask him to do that." (Sentencing Transcript, *People v. Restrepo,* Ind. 287–90 (Nov. 29, 1990), at 8.) Apparently, however, despite Restrepo's request, no notice of appeal was filed on his behalf. The time for filing such notice expired in December 1990.

In July 1992, Restrepo, represented by new counsel, moved in New York Supreme Court, Appellate Division, for an extension of his time to appeal, stating that Schioppi had failed to file a timely notice of appeal despite Restrepo's request that he do so and despite thereafter giving assurances that he had done so (the "July 1992 motion"). The State opposed the motion on the ground that N.Y.Crim. Proc. Law § 460.30, which authorizes such extensions, requires that such a motion be made within one year of the expiration of the time to file the notice of appeal and that Restrepo's time to make such a motion had expired in December 1991. The Appellate Division denied the July 1992 motion as untimely, and the New York Court of Appeals denied leave to appeal that decision. *See People v. Restrepo,* No. 92–05923 (2d Dep't Sept. 21, 1992), *lv. denied,* 81 N.Y.2d 793 (1993). Restrepo thereafter made various additional attempts in state court to secure review of his conviction and sentence, all of which were unsuccessful.

## A. *The Present Habeas Petition*

Having exhausted the avenues for relief in the state courts, Restrepo, proceeding *pro se,* filed his present habeas petition alleging that Schioppi's failure to file a notice of appeal from the judgment of conviction constituted a denial of Restrepo's constitutional right to the effective assistance of counsel on direct appeal from the conviction. The petition, with attached exhibits including affidavits submitted by Restrepo to the Appellate Division in support of his July 1992 motion, included the following allegations. Restrepo had retained Schioppi to represent him both in the criminal trial and on appeal; at the time of sentencing, Restrepo asked Schioppi to file a notice of appeal. Thereafter, Schioppi repeatedly assured Restrepo in telephone conversations that the appeal was in progress. In May 1991, Restrepo, assisted by a "bilingual paralegal," wrote to Schioppi seeking reassurance that the notice of appeal had been filed; he received no response to his letter. He thereafter made numerous additional attempts to reach Schioppi by telephone but did not succeed in speaking to him in person; on one such attempt, however, the woman who answered the telephone at Schioppi's office told Restrepo not to worry because the notice of appeal had been filed.

In March 1992, having heard no further word from Schioppi and having been unable to reach him, Restrepo obtained new counsel to perfect his appeal. His new attorney contacted Schioppi, who represented to new counsel that a notice of appeal had been filed. The file that Schioppi turned over, however, contained no copy of any notice of appeal, and new counsel eventually determined that no notice had been filed.

Also attached to Restrepo's habeas petition were copies of decisions of the United States District Court for the District of New Jersey, relating to a criminal case in that District, in which the court found that Schioppi had failed to file a notice of appeal and had fraudulently reassured the defendant in that case that the appeal had been processed. *See Jones v. United States,* No. 90–4291, at 2 (D.N.J. Oct. 1, 1991) (granting motion for resentencing, and stating that "[t]he breach of the fiduciary duty by counsel in this matter is so grave and his perjured explanation so ag-

gravates it that the court shall not only refer this matter to the appropriate ethics committees, but shall refer it to the office of the United States Attorney for consideration of appropriate criminal action."); *In re Schioppi*, Misc. No. 90–335 (D.N.J. Aug. 12, 1992) (publicly reprimanding Schioppi and suspending him from practice before the court for two years); *In re Schioppi*, Misc. No. 90–335, at 6 (D.N.J. [Aug. 12,] 1992) (per curiam) ("Schioppi's .... acts were clearly dishonest and deceitful. Moreover, his acts were prejudicial to the administration of justice. By misleading his criminal defendant client such that the client waived the right to appeal his sentence, Schioppi deprived his client of an important right. The ends of justice are surely thwarted when an integral part of the judicial system—the appeal—is not available to a criminal defendant because of the dishonesty of his attorney.").

Restrepo's habeas petition requested that his state sentence be vacated and that he be resentenced, in order to restart the time in which to file a notice of appeal and thus give him the opportunity to pursue his direct appeal. The State, relying on *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), opposed the petition, contending principally that Restrepo's failures to file a timely notice of appeal and to move within the one-year statutory period for an extension of the time in which to file the appeal constituted procedural defaults. The State argued that federal habeas review is foreclosed because these were independent and adequate state grounds for the denial of Restrepo's attempt to appeal, and Restrepo had made no showing of cause and prejudice sufficient to escape the procedural bar.

### B. *The Decision of the District Court*

In a Report and Recommendation dated October 21, 1997 ("Report"), Magistrate Judge Mark D. Fox, to whom Restrepo's habeas petition had been referred by the district court, recommended that Restrepo be assigned counsel and given a hearing on his allegations as to Schioppi's failure to file the notice of appeal and Schioppi's misrepresentations that the appeal had been filed. The magistrate judge recommended rejection of the State's defense of procedural default, distinguishing *Coleman v. Thompson* on the basis that the attorney's misfeasance in that case occurred in a proceeding in which his client was not constitutionally entitled to counsel, whereas Schioppi's alleged default occurred in connection with Restrepo's direct appeal, a stage at which Restrepo was entitled to counsel. Although noting that, in light of *Coleman*, "a federal habeas petitioner who fails to pursue a direct appeal may have to satisfy the cause and prejudice standard" (Report at 5), the magistrate judge relied on *Rodriquez v. United States*, 395 U.S. 327, 329–30, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), and *United States ex rel. Randazzo v. Follette*, 444 F.2d 625, 628 (2d Cir.), *cert. denied*, 404 U.S. 916, 92 S.Ct. 232, 30 L.Ed.2d 191 (1971), for the proposition that when there has been a denial of the right to a direct appeal, prejudice need not be shown but is presumed (Report at 6–8). The magistrate judge concluded that if Restrepo could prove his allegations as to Schioppi's misfeasance, he should be granted habeas relief that would permit him to appeal his conviction.

In a Memorandum and Order dated November 21, 1997 ("Decision"), the district judge rejected the magistrate judge's recommendation and denied the writ. The court concluded that the cause-and-prejudice test of *Coleman v. Thompson* was applicable, and that Restrepo had failed to show either cause or prejudice:

> When a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the

claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Wedra v. Lefevre*, 988 F.2d 334, 338–339 (2d Cir.1993) (applying cause and prejudice standard to case where petitioner defaulted claim pursuant to N.Y.Crim. Proc. Law § 460.30).

Here, petitioner's application for an extension of time to file his appeal was denied by the Appellate Division pursuant to N.Y.Crim. Proc. Law § 460.30. That section provides that a motion for an extension of time "must be made with due diligence after the time for the taking of such appeal has expired, and in any case not more than one year thereafter." N.Y.Crim. Proc. Law § 460.30(1) (McKinney 1997). Petitioner failed to meet this requirement because his motion was not filed until almost one year and eight months after his conviction. Accordingly, review of petitioner's habeas petition is barred unless petitioner can show cause and actual prejudice, or that failure to consider his petition would result in a fundamental miscarriage of justice.

To establish "cause," petitioner must show that some objective external factor impeded his ability to comply with New York's procedural rule. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Here, petitioner attributes his delay to his trial counsel's failure to file his direct appeal. The Court finds that this claim does not constitute cause.

Section 460.30 places the responsibility for timeliness on the applicant, and not on his attorney. In addition, the statute provides a remedy for claims, such as here, where defense counsel allegedly neglected to file a timely notice of appeal. In such cases, the defendant can receive an extension of time to file his appeal if he moves in a timely manner. Given this remedy, petitioner can-

not now claim that trial counsel's failure to file a timely appeal is also the cause of his own failure to comply with the New York statute. *See Coleman*, 501 U.S. at 754, 111 S.Ct. 2546 (in state collateral actions, "it is the petitioner who must bear the burden of failure to follow state procedural rules").

Moreover, petitioner has not shown actual prejudice. To establish "prejudice," petitioner must show a reasonable probability that, but for the alleged violation of federal law, the outcome of his case would have been different. *Mathis v. Hood*, 937 F.2d 790, 794 (2d Cir.1991). Here, petitioner has failed to show a reasonable probability that the outcome of his case would have been different had the Appellate Division granted his motion for an extension of time to file his appeal. For that matter, petitioner has not shown that the outcome of his case would have been different had his attorney dutifully filed a notice of appeal. Accordingly, petitioner has failed to show prejudice.

Decision at 5–8 (footnote omitted).

Judgment was entered dismissing the petition. Still proceeding *pro se*, Restrepo timely sought a certificate of appealability. We granted the certificate and appointed counsel to represent him on this appeal.

## II. DISCUSSION

■ A person convicted of a crime in New York state court has a right to appeal the conviction within 30 days after the imposition of sentence. *See* N.Y.Crim. Proc. Law § 460.10(1)(a) (McKinney 1994). A defendant who fails to appeal within that time defaults his right to appeal. In many circumstances, a state prisoner who seeks federal habeas relief and has procedurally defaulted his claim under state law will be required to show both cause for the default and prejudice resulting therefrom. *See, e.g., Coleman v. Thompson*, 501 U.S. at 750, 111 S.Ct. 2546; *Murray v. Carrier*, 477 U.S. 478, 485–92, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

On this appeal, Restrepo contends that proof of Schioppi's failure to comply with Restrepo's instruction to file a notice of appeal, and Schioppi's false representations to Restrepo that such a notice had been filed, would suffice to establish ineffective assistance of counsel, thereby satisfying the "cause-and-prejudice" standard of *Coleman* and entitling him to federal habeas relief. He contends that he should therefore have been afforded a hearing on his factual contentions. We agree.

### A. *Cause*

 "[T]he right to be represented by counsel," on direct appeal from a conviction as well as at the criminal trial, "is among the most fundamental of rights." *Penson v. Ohio,* 488 U.S. 75, 84–85, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

As a general matter, it is through counsel that all other rights of the accused are protected: "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." Schaefer, Federalism and State Criminal Procedure, 70 Harv. L.Rev. 1, 8 (1956); see also *Kimmelman v. Morrison,* 477 U.S. 365, 377, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *United States v. Cronic,* 466 U.S. 648, 654, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). . . .

*The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage.* Both stages of the prosecution, although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently passed over. As we stated in *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985):

"In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its conse-

quent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding. *An unrepresented appellant— like an unrepresented defendant at trial—is unable to protect the vital interests at stake."* Id., at 396, 109 S.Ct. 346.

*Penson v. Ohio,* 488 U.S. at 84–85, 109 S.Ct. 346 (emphases added). Accordingly, the Sixth Amendment, as applied to the States through the Fourteenth Amendment, guarantees a criminal defendant the right to counsel on his first appeal as of right. *See Douglas v. California,* 372 U.S. 353, 356, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). It also guarantees him the effective assistance of counsel on such an appeal. *See Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

 The " '[a]ctual or constructive denial of the assistance of counsel altogether,' " whether at the trial level or in a first appeal as of right, is constitutional error. *Penson v. Ohio,* 488 U.S. at 88, 109 S.Ct. 346 (quoting *Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Actual denials of counsel include the court's failing to grant a defendant's request for assignment of counsel, *see, e.g., Coleman v. Thompson,* 501 U.S. at 742, 111 S.Ct. 2546, and the court's allowing counsel to withdraw without appointing new counsel, *see, e.g., Penson v. Ohio,* 488 U.S. at 81–84, 109 S.Ct. 346. Constructive denials of counsel include counsel's total or near-total derelictions in representation. *See, e.g., Jenkins v. Coombe,* 821 F.2d 158, 161 (2d Cir.1987) (filing cursory five-page brief on appeal), *cert. denied,* 484 U.S. 1008, 108 S.Ct. 704, 98 L.Ed.2d 655 (1988); *Tippins v. Walker,* 77 F.3d 682, 686 (2d Cir.1996) (sleeping through trial); *Castellanos v. United States,* 26 F.3d 717, 720 (7th Cir.1994) (failing to honor defendant's instruction to file a notice of appeal). Thus, if there has

been no timely direct appeal from a conviction because of the court's failure to grant counsel, the state's enforcement of the appeal deadline "would ... abridge[ the defendant's] constitutional right to counsel on appeal." *Coleman v. Thompson,* 501 U.S. at 742, 111 S.Ct. 2546 (discussing *Cabaniss v. Cunningham,* 206 Va. 330, 143 S.E.2d 911 (1965)). Or "[i]f the defendant told his lawyer to appeal" from the conviction, "and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of *any* assistance of counsel on appeal. Abandonment is a *per se* violation of the sixth amendment." *Castellanos v. United States,* 26 F.3d at 718 (emphasis in original); *id.* at 720 ("a lawyer's abandonment of his client is ineffective *per se.*").

*Coleman v. Thompson* stated broadly that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice from the alleged violation of federal law," 501 U.S. at 750, 111 S.Ct. 2546, and the *Coleman* Court ruled that the attorney failure asserted by the petitioner before it did not constitute cause for the late filing of a notice of appeal. But *Coleman* did not involve a direct appeal from a conviction; rather, it involved an untimely appeal from a denial of relief in post-direct-appeal collateral proceedings, and the Court found that circumstance to be dispositive. Noting that "[t]here is no constitutional right to an attorney in state collateral proceedings" (citing, *inter alia, Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)), and that "[c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings" (citing *Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982)), the *Coleman* Court stated, "this case is at an end." 501 U.S. at 752, 111 S.Ct. 2546. It ruled that when a procedural default results from an attor-

ney error with respect to a proceeding as to which there is no constitutional right to counsel, the attorney error does not constitute cause.

On the other hand, the *Coleman* Court took care to note that an "[a]ttorney error that constitutes ineffective assistance of counsel is cause...." *Id.* at 753–54, 111 S.Ct. 2546. The Court explained that a "violation of petitioner's right to counsel ... must be seen as an external factor," *i.e.,* as one imputed to the state because the "'constitutional mandate [guaranteeing effective assistance of counsel] is addressed to the action of the State in obtaining a criminal conviction through a procedure that fails to meet the standard of due process of law,'" *id.* at 754, 111 S.Ct. 2546 (quoting *Evitts v. Lucey,* 469 U.S. at 396, 105 S.Ct. 830) (brackets in *Coleman* ).

In light of these principles, we disagree with the district court's ruling that Restrepo failed to proffer sufficient evidence to show cause for his failure to file a timely notice of appeal from his conviction. The district court stated that Restrepo "attributes his delay to his trial counsel's failure to file his direct appeal" and found that "this claim does not constitute cause," Decision at 7, because "[t]o establish 'cause,' petitioner must show that some objective external factor impeded his ability to comply with New York's procedural rule," *id.* at 6. We have two difficulties with this ruling. First, Restrepo maintained not just that counsel failed to file the direct appeal, but that counsel so failed after being instructed by Restrepo to file the notice of appeal and that counsel falsely assured him, after receiving that instruction and in response to follow-up inquiries from Restrepo, that the appeal had in fact been filed. These assertions, if proven, would show counsel's abandonment of Restrepo on his direct appeal and constitute a constructive denial of counsel altogether. Such a denial is a deprivation of constitutionally required assistance.

Second, as stated in *Coleman*, a violation of the constitutional right to counsel "must" be considered an external error. 501 U.S. at 754, 111 S.Ct. 2546.

Further, we reject the district court's conclusion that cause was not established because the State allows a defendant to move for an extension of his time to appeal on the ground that the tardiness was caused by a factor such as the "improper conduct, death or disability of the defendant's attorney," N.Y.Crim. Proc. Law § 460.30(1). The district court's reliance on *Wedra v. Lefevre*, 988 F.2d 334, for the proposition that federal habeas review is barred by the petitioner's failure to comply with that section is misplaced. *Wedra* involved that section, but not in the context of an untimely direct appeal as of right from the judgment of conviction; rather, the section was applied to an untimely request for permission to appeal from the denial of state-court collateral review. *See, e.g.,* 988 F.2d at 339 & n. 1. More importantly, although the district court here ruled against Restrepo partly because it viewed § 460.30 as "plac[ing] the responsibility for timeliness on the applicant, and not on his attorney," Decision at 7, we cannot agree that that section constitutes an "adequate" state ground for barring federal habeas review here, because the proceeding at issue is Restrepo's direct appeal from his conviction. As to that appeal, he had a constitutional right to be represented by counsel, a right that would be denied if the State were allowed to hold him in default for not seeking an extension of time *pro se.*

We conclude that the facts asserted by Restrepo with respect to his attempts to take a direct appeal from his conviction, if proven, would show constitutionally ineffective assistance of counsel, and hence would show cause for the failure to meet the deadline for that appeal.

B. *Prejudice*

■ Finally, we reject the district court's ruling that in order to succeed on his habeas petition Restrepo would be required to present independent proof of prejudice resulting from Schioppi's failure to file the notice of appeal by "show[ing] that the outcome of his case would have been different had his attorney dutifully filed a notice of appeal," Decision at 8. In *Penson v. Ohio*, the Supreme Court adhered to the principle that if there has been a denial of the constitutional right to counsel on appeal, and not merely a flaw in counsel's performance, the defect is not subject to the cause-and-prejudice test established by *Strickland v. Washington*, because prejudice resulting from the denial of counsel is to be presumed:

> As we stated in *Strickland,* the "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." 466 U.S., at 692, 104 S.Ct. 2052. Our decision in *United States v. Cronic,* likewise, makes clear that "[t]he presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." 466 U.S., at 659, 104 S.Ct. 2039 (footnote omitted). Similarly, *Chapman* [*v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ] recognizes that the right to counsel is "so basic to a fair trial that [its] infraction can never be treated as harmless error." 386 U.S. at 23, and n. 8, 87 S.Ct. 824. And more recently, in *Satterwhite v. Texas,* 486 U.S. 249, 256, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988), we stated that a pervasive denial of counsel casts such doubt on the fairness of the trial process, that it can never be considered harmless error. Because the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage, ... the presumption of prejudice must extend as well to the denial of counsel on appeal.

*Penson v. Ohio,* 488 U.S. at 88, 109 S.Ct. 346; *see also Rodriquez v. United States,* 395 U.S. at 329, 89 S.Ct. 1715 (§ 2255

petitioner whose attorney had refused to follow his instruction to file a notice of appeal was not required "to disclose what errors [he] would raise on appeal and to demonstrate that denial of an appeal had caused prejudice").

*Coleman v. Thompson* did not disturb this principle. Rather, consistently with *Penson,* the *Coleman* Court stated that " 'if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State.' " 501 U.S. at 754, 111 S.Ct. 2546 (quoting *Murray v. Carrier,* 477 U.S. at 488, 106 S.Ct. 2639).

This Court too has noted that "the *Strickland* test is inapplicable [where the defendant] had no counsel or, at best, nominal counsel to represent his interests on the state appeal." *Jenkins v. Coombe,* 821 F.2d at 161; *see also Penson v. Ohio,* 488 U.S. at 89 n. 10, 109 S.Ct. 346 (approving *Jenkins* ); *Morales v. United States,* 143 F.3d 94, 97 (2d Cir.1998) (per curiam) (observing obiter that "ignoring a client's request to file an appeal is ineffective assistance without regard to the probability of the appeal's success"); *United States ex rel. Randazzo v. Follette,* 444 F.2d at 628 ("merits of Randazzo's aborted direct appeal are not to be considered in this habeas corpus petition for the purpose of deciding prejudice"); *Castellanos v. United States,* 26 F.3d at 720 (state prisoner who shows denial of constitutional right to assistance of counsel on direct appeal "need not make a preliminary showing of 'prejudice' "). We recently reaffirmed this principle, stating that "[i]n light of *Rodriguez* and *Penson,* . . . it is clear that [a habeas] petitioner need not demonstrate that, but for the ineffectiveness of counsel, [a defaulted] appeal would have succeeded or even would have had merit." *McHale v. United States,* 1999 WL 223435, at *3 (2d Cir. Apr.5, 1999).

The district court's reliance on *Mathis v. Hood,* 937 F.2d 790, for the contrary proposition is misplaced, for *Mathis* did not involve a failure to file a notice of appeal, *see, e.g., id.* at 792 ("Mathis filed a notice of appeal almost immediately after he was sentenced"), but rather focused on the six-year delay in the appellate process after the notice of appeal had been filed. In stating that Mathis was required to show that the result of his appeal would have been different, we thus focused on the question of "[whether] the delay itself caused prejudice to Mathis's appeal," stating that "appellate delay is prejudicial when there is a reasonable probability that, but for the delay, the result of the appeal would have been different." *Id.* at 794. *Mathis* did not purport to state that a separate showing of prejudice must be made when the defendant has actually or constructively been denied counsel altogether.

In sum, once Restrepo shows that the failure to file the notice of appeal was the result of constitutionally ineffective assistance of counsel, he will have established prejudice *per se,* and no further showing will be necessary. On remand, therefore, if Restrepo succeeds in proving his allegations at the evidentiary hearing, at which Schioppi is to be given an opportunity to be heard, a conditional writ should be granted ordering Restrepo's release if he is not afforded an opportunity, within such time as the district court specifies, to pursue a direct appeal from his conviction.

## CONCLUSION

We have considered all of the State's arguments in support of the decision below and have found them to be without merit. The judgment is vacated, and the matter is remanded for further proceedings not inconsistent with this opinion.