**Jose M. HERNANDEZ, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 97–2648**

United States Court of Appeals, Second Circuit.

Argued: June 11, 1999

Decided: Feb. 3, 2000

Peter F. Langrock, Middlebury, VT
(Frank H. Langrock, Langrock, Sperry
and Wool, Middlebury, VT on the brief),
for Petitioner–Appellant,

Paul J. Van De Graaf, Assistant United
States Attorney (Charles R. Tetzlaff, Unit-
ed States Attorney and David V. Kirby,
Assistant United States Attorney, Burling-
ton, VT, on the brief), for Respondent–
Appellee.

Before: LEVAL and SOTOMAYOR,
Circuit Judges, and POLLACK, District
Judge.*

LEVAL, Circuit Judge:

Jose M. Hernandez appeals from a deci-
sion of the United States District Court for
the District of Vermont (Murtha, *C. J.*),
denying his habeas corpus petition filed
pursuant to 28 U.S.C. § 2255.  The Dis-
trict Court held that Hernandez was not
entitled to relief on his claim of ineffective-
ness of counsel because he could not estab-
lish that his attorney's failure to prosecute
an appeal from his criminal conviction re-
sulted in "prejudice."  Plaintiff argues
that, under such circumstances, a habeas
petitioner need not establish prejudice.
We agree.

## BACKGROUND

On October 17, 1994, in the United
States District Court for the District of
Vermont, Hernandez pleaded guilty to one
count of possession of heroin with the in-
tent to distribute, in violation of 21 U.S.C.
§ 841.  On October 23, 1995, the court
sentenced Hernandez to 120 months in
prison.

On November 6, 1995, Hernandez's re-
tained attorney, John M. Ciciline, filed a
notice of appeal to this court.  The notice
was not timely filed, although none of the

* Milton Pollack, Senior United States District     sitting by designation.
  Judge for the Southern District of New York,

parties appear to have noticed this fact at the time. According to Hernandez's allegations, the following day, Ciciline contacted Hernandez by letter, notifying him of the filing of the notice and discussing the merits of various potential claims for appeal. Thereafter, Ciciline made no further filings. Hernandez, who was incarcerated during this period, asserts that he had no knowledge of Ciciline's inaction and assumed the appeal was being prosecuted.

On March 24, 1997, Hernandez, acting *pro se,* filed a habeas corpus petition, raising several issues, including ineffective assistance of . counsel. The petition was somewhat ambiguous, but, interpreted liberally, can be read to allege Hernandez's rights were violated by Ciciline's failure to prosecute the appeal. On July 18, 1997, the Magistrate Judge recommended denying the petition. Hernandez objected to the Magistrate Judge's report, more explicitly developing his claim of Ciciline's failure to prosecute the appeal. On August 11, 1997, the District Court adopted the Magistrate Judge's report, denied the petition, declined to issue a certificate of appealability, and denied Hernandez's request to proceed *in forma pauperis.*

■ Still acting *pro se,* Hernandez filed a notice of appeal. On June 26, 1998, we issued a certificate of appealability and appointed counsel to brief the issue "whether appellant was accorded ineffective assistance of counsel when counsel failed to perfect appellant's direct criminal appeal."

## DISCUSSION

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court laid out a two-part test which must, under most circumstances, be met in order to establish that a defendant's Sixth Amendment right to counsel has been violated due to the ineffective assistance of counsel. Under the *Strickland* standard, a petitioner must establish both (1) that counsel made errors so serious

that defendant was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense. *See id.* at 687–91, 104 S.Ct. 2052. In his report, adopted in full by the District Judge, the Magistrate Judge applied the *Strickland* test in evaluating Hernandez's ineffective assistance of counsel . claims and recommended dismissal of the petition by reason of the failure to show prejudice.

*Strickland* itself, however, explicitly notes that there are some situations where a defendant need not affirmatively establish prejudice, as "[a]ctual or constructive denial of assistance of counsel altogether is legally presumed to result in prejudice." *Id.* at 692, 104 S.Ct. 2052. Decisions of the Supreme Court reflect a clear intention to treat attorney errors which strip defendants of their right to an attorney-assisted appeal as triggering such a presumption. In *Rodriquez v. United States,* 395 U.S. 327, 329, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), the Court held that a § 2255 petitioner whose attorney failed to file notice of appeal as instructed need not "disclose what errors [he] would raise on appeal to demonstrate that denial of an appeal had caused prejudice." *See also Peguero v. United States,* 526 U.S. 23, —— - ——, 119 S.Ct. 961, 965–66, 143 L.Ed.2d 18 (1999) (O'Connor, J., concurring) (explicitly noting that *Rodriquez* remains good law); *Penson v. Ohio,* 488 U.S. 75, 88, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (presuming prejudice where state court allows lawyer to withdraw from appeal based on conclusory statement that appeal lacks merit)

■ Two decisions of this court, issued since the District Court's decision in this case, have explicitly held that petitioners whose attorneys failed to preserve their rights to appeal need not show prejudice to establish ineffective assistance of counsel. *See Restrepo v. Kelly,* 178 F.3d 634 (2d Cir.1999) (§ 2254 petitioner from state conviction whose attorney failed to file notice of appeal need not establish prejudice); *McHale v. United States,* 175

F.3d 115 (2d Cir.1999) (§ 2255 petitioner whose attorney filed timely notice of appeal but did not perfect the appeal need not establish prejudice). We conclude that *Strickland*'s requirement of a showing of prejudice does not apply where the alleged ineffective assistance lies in a counsel's unexcused failure to bring a direct appeal from a criminal conviction upon the defendant's direction to do so. In such circumstances, prejudice will be presumed. See *Restrepo*, 178 F.3d at 641–42.

The Government contends that our decision in *Hooper v. United States*, 112 F.3d 83 (2d Cir.1997), establishes a different rule—requiring a showing of prejudice—where defense counsel does file a notice of appeal but not in a timely manner. We reject that characterization of *Hooper*. *Hooper* did not suggest it was drawing a distinction between a criminal defendant whose counsel files an untimely notice of appeal, does not file a notice of appeal, or files a timely notice and then neglects to perfect the appeal. We can see no basis for such a distinction. It is the fair inference from our discussion of *Hooper* in *McHale* and our decision in *Restrepo* that *Hooper* is no longer regarded as good authority for the proposition that prejudice must be shown in such circumstances. See *McHale*, 175 F.3d at 118–19 & n. 2; *Restrepo*, 178 F.3d 634.

█ As to the other prong of the *Strickland* test—deprivation of reasonably competent representation—the minimum requirements of professional competency are violated when an attorney, hired by a convicted defendant to prosecute an appeal, fails without excuse to file a timely notice of appeal, so that the opportunity to appeal is lost. Hernandez's petition thus alleges facts sufficient to constitute ineffective assistance of counsel. We must therefore vacate the judgment and remand to the District Court for further proceedings.

█ If Hernandez succeeds on remand in establishing that he retained Mr. Cici-

line with the understanding that Ciciline would pursue the appeal, and that Ciciline failed without justification to preserve Hernandez's right of appeal by failing to file notice in a timely fashion, Hernandez will be entitled to a writ of habeas corpus under § 2255 securing his right to pursue the appeal from his conviction. In all other respects, we affirm the District Court's denial of the petition.

### Conclusion

The judgment is vacated and the matter remanded to the District Court for further proceedings.