# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ANDREW MARK HUDSON,
　　　　　*Petitioner-Appellant,*

v.

J. R. HUNT; NORTH CAROLINA,
　　　　　*Respondents-Appellees.*

No. 02-6568

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-99-12-5-BO)

Submitted: November 20, 2002

Decided: December 17, 2002

Before WILKINSON, Chief Judge, and WILKINS and
MOTZ, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Andrew Mark Hudson, Appellant Pro Se. Clarence Joe DelForge, III,
OFFICE OF THE ATTORNEY GENERAL OF NORTH CARO-
LINA, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

In 1998, Andrew Mark Hudson was convicted in North Carolina state court of possessing cocaine and maintaining a dwelling for controlled substances. Following a jury verdict, Hudson pled guilty to being a habitual felon and was sentenced to a consolidated sentence of 100 to 129 months. No appeal was taken.

Hudson sought state post-conviction relief. Upon its denial he filed a petition for federal habeas corpus relief. 28 U.S.C. § 2254 (2000). On appeal from denial of his federal petition, we held that, pursuant to the Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), Hudson's trial counsel were constitutionally deficient in failing to consult with him regarding his right to appeal. We remanded the case for the district court's assessment of whether Hudson was prejudiced by this deficiency.

On remand, the district court concluded that Hudson was prejudiced. The court granted habeas relief, "provided, however, that the writ shall not issue in the event the State grants [Hudson] a belated appeal within ninety days. . . ." The State certified within that time period that a belated appeal would be granted. Hudson seeks to appeal.

Hudson argues that the evidence in support of his conviction is insufficient, and therefore he should be released and his sentence dismissed. However, a belated appeal is an appropriate remedy for the denial of appeal due to ineffective performance by counsel. *See Restrepo v. Kelly*, 178 F.3d 634, 642 (2d Cir. 1999) (directing conditional writ unless belated appeal is granted where ineffective counsel failed to note timely appeal). Hudson may seek to raise a sufficiency of the evidence claim before the state appellate court.

Hudson has failed to make a substantial showing of the denial of a constitutional right, other than that for which he has received appropriate relief. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*