**Carlos RODRIGUEZ, Petitioner–Appellee,**

v.

**E.R. DONNELLY, Superintendent, Respondent–Appellant.**

No. 06–4678–pr.

United States Court of Appeals, Second Circuit.

March 28, 2008.

David L. Lewis, New York, for Petitioner–Appellee.

Morrie I. Kleinbart, Assistant District Attorney (Robert M. Morgenthau, District Attorney), New York, for Respondent–Appellant.

PRESENT: Hon. CHESTER J. STRAUB and Hon. ROBERT D. SACK, Circuit Judges, and Hon. MARK R. KRAVITZ, District Judge.*

### SUMMARY ORDER

Respondent–Appellant E.B. Donnelly ("Respondent"), Superintendent of the Wende Correctional Facility in Alden, New York, appeals from a judgment of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*) granting Petitioner–Appellee Carlos Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Rodriguez v. Donnelly*, No. 01 Civ. 9374(JFK), 2006 WL 2563824 (S.D.N.Y. Sept.5, 2006). Respondent concedes that Rodriguez's counsel provided constitutionally ineffective assistance insofar as he failed to file a timely notice of appeal and thus deprived Rodriguez of the opportunity for direct appeal. *See id.* at *4. However, Respondent argues that Rodriguez

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

procedurally defaulted his only remedy for this constitutional violation by failing to make a timely *pro se* motion for an extension of time to take an appeal, as allowed by New York Criminal Procedure Law ("N.Y.C.P.L.") § 460.30(1). Because we find this case to be controlled by our decision in *Restrepo v. Kelly,* 178 F.3d 634 (2d Cir.1999), we reject Respondent's argument regarding Rodriguez's procedural default and affirm the decision of the District Court.

We review a district court's grant of habeas corpus *de novo* and its findings of fact for clear error. *Clark v. Perez,* 510 F.3d 382, 389 (2d Cir.2008). A federal court normally may not review a habeas petition based upon state claims that have been procedurally defaulted where the relevant procedural bar is an "independent and adequate" state ground. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). However, the Supreme Court has instructed that a federal habeas court may nonetheless review such defaulted claims if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Id.*

On appeal, Respondent argues only that Rodriguez has failed to demonstrate cause for his procedural default and makes no argument based upon prejudice resulting therefrom. Respondent concedes that Rodriguez's trial counsel provided him with ineffective assistance by failing to file a notice of appeal under N.Y.C.P.L. § 460.10(1) despite Rodriguez's request, and we have held that ineffective assistance in precisely the same context was also "cause" for the ensuing procedural default of the habeas petitioner's claim based on that constitutional violation. *See Restrepo,* 178 F.3d at 640–41. Despite our conclusion in *Restrepo,* Respondent argues that the ineffective assistance of Rodriguez's counsel should not serve as

both the "underlying constitutional error" and the "cause" of the procedural default of the section 460.30(1) remedy. In doing so, Respondent relies on Supreme Court precedent for the proposition that cause depends on whether the habeas petitioner can show that an objective factor external to the defense impeded counsel's efforts to comply with the procedural rule at issue. *See, e.g., Strickler v. Greene,* 527 U.S. 263, 283 n. 24, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (holding that the defendant met such a showing where the prosecutor suppressed exculpatory evidence and the defendant reasonably relied on the prosecutor's representation that all discovery material had been provided, despite the fact that the prosecutor also maintained an "open file discovery policy"). While *Strickler* involved prosecutorial misconduct instead of the ineffective assistance of defense counsel, *Coleman* stated, in dicta, that attorney error that qualifies as constitutionally ineffective assistance of counsel would suffice to demonstrate "cause" justifying a petitioner's procedural default. *See Coleman,* 501 U.S. at 753–54, 111 S.Ct. 2546 (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Furthermore, *Restrepo* explicitly concluded that ineffective assistance of counsel met the *Strickler* standard of an "external" factor. 178 F.3d at 641 ("[A]s stated in *Coleman,* a violation of the constitutional right to counsel must be considered an external error." (internal quotation marks omitted)). To the extent that Respondent is arguing that a finding of cause in this context should somehow depend on the diligence or lack thereof on the part of the petitioner, we are not persuaded by such an attempt to urge us, in effect, to overturn *Restrepo.* Indeed, even if there were grounds to do so, only the Court, sitting *en banc,* would have the authority to do so.

To the extent that Respondent seeks to add another factor—a petitioner's diligence or lack thereof—to a habeas court's consideration of procedural default, we reject such an argument. *Restrepo* explicitly rejected the argument that a petitioner's failure to timely request leave to file a late notice of appeal could bar federal habeas relief based upon his counsel's constitutionally ineffective assistance in failing to file any notice of appeal. *Id.* ("[T]he proceeding at issue is Restrepo's direct appeal from his conviction. As to that appeal, he had a constitutional right to be represented by counsel, a right that would be denied if the State were allowed to hold him in default for not seeking an extension of time *pro se.*").

We have considered all of Respondent's arguments and have found them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.