GREGORY, Circuit Judge,
dissenting:
This case is not as simple as the majority opinion suggests. Marvin Sumner’s counsel failed to properly set forth the primary basis of his appeal in the “Questions Presented” portion of his brief. We must now determine whether this omission effectively denied him an appeal when it resulted in a procedural default of the entire claim. If so, then the Supreme Court has instructed that we may presume prejudice and find ineffective assistance of counsel. Under the facts of this case and governing Supreme Court precedent, I am convinced that Sumner’s counsel was indeed ineffective and that his petition for a writ of habeas corpus should be granted.
I.
A more detailed rendering of the facts is necessary for a full consideration of this case: On July 11, 2004, two people, Kerri Cole and Carlton Outland, claim to have seen Sumner come out of his apartment, raise a gun, and fire it three times. They assert that it was not completely dark outside, that the parking lot and apartment complex were well-lit, and that the only obstacle between them and Sumner was a chain-link fence. Cole recounted that, after Sumner fired the first shots, Sumner saw Cole, walked between two apartments, raised his hand, and fired a fourth shot before he went behind the building.
Cole and Outland relayed what occurred to one Officer Cintron. They described Sumner’s physical appearance and clothing, stating that he was wearing a blue jersey with the number “11.” Police detained Sumner at a nearby 7-11. Cole and Outland identified Sumner as the person who fired the gun, even though Sumner was wearing a black jersey with the number “71.” Cintron returned to the scene of the firings and recovered two .45-caliber shell casings.
While Cintron returned to the shooting scene, another officer released Sumner. Upon learning of this, Cintron followed Sumner and allegedly saw him toss a beer bottle onto the ground. Cintron arrested Sumner for littering, then searched him and found a .45-caliber shell casing in his pocket. Sumner admitted that he was a convicted felon, and Cintron confirmed this with a background check. Sumner was then arrested for possession of a firearm by a convicted felon and for discharging a firearm in a public place.
Sumner was convicted, and the Virginia Court of Appeals affirmed the conviction, finding that there was sufficient evidence to support it. However, Sumner’s counsel failed to identify his Fourth Amendment claim — that the .45-caliber cartridge was obtained via a pretextual, illegal search and seizure — in the Questions Presented, as required by the Virginia Supreme Court,* even though his appeal was pri *942 marily based on this claim. The only claim stated in the Questions Presented was the following: “Did the trial comb err in finding evidence of possession of a firearm by a convicted felon and discharging a firearm necessary to support a conviction under [Virginia law]?” (J.A. 58.) Thus, the Court of Appeals deemed the claim forfeited. The Supreme Court of Virginia denied his petition for appeal and his petition for a writ of habeas corpus, finding that he had demonstrated neither deficiency nor prejudice by counsel.
The appellant filed a habeas petition in the Eastern District of Virginia, which ruled against him. The district court found that all of Sumner’s claims except for his ineffective assistance of counsel (“IAC”) claim had been procedurally defaulted. Regarding his IAC claim, the district court found that the question of which issues to appeal was a strategic one for counsel to make, and moreover, Sumner could not show how he was prejudiced by counsel’s decision.
II.
Criminal defendants are entitled to effective assistance of counsel on appeals as of right. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant claiming ineffective assistance of counsel must typically meet both an objective and a prejudice prong. Regarding the first prong, “the defendant must show that counsel’s representation fell below an objective standard of reasonableness.” Id. at 688, 104 S.Ct. 2052. To meet the prejudice prong, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. However, “[i]n certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.” Id. at 692,104 S.Ct. 2052.
Constructive denial of assistance of counsel was explored more deeply in Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). In that case, the defendant pled guilty to murder and was allowed sixty days to appeal his sentence under California law. His attorney failed to do so despite the fact that the defendant did not previously consent to a failure to file the appeal. Although Flores-Ortega dealt with a situation in which the defendant did not expressly request that his attorney file a notice of appeal, the Supreme Court noted that when a defendant does expressly make such a request, “[c]ounsel’s failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant’s wishes.” Id. at 477, 120 S.Ct. 1029.
Moi*eover:
[Counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself. According to respondent, counsel’s deficient performance deprived him of a notice of appeal and, hence, an appeal altogether. Assuming those allegations are true, counsel’s deficient performance has deprived respondent of more than a fair judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether.
Id. at 483, 120 S.Ct. 1029. In such instances, the Supreme Court has instructed that a presumption should be applied in which a defendant need only demonstrate that “there is a reasonable probability that, but for counsel’s deficient failure to consult with him about an appeal, he would have timely appealed.” Id. at 484, 120 *943 S.Ct. 1029; see also Peguero v. United States, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) (“[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit”).
In United States v. Peak, 992 F.2d 39 (4th Cir.1993), this Court considered a case in which the defendant pled guilty to distribution of crack cocaine. He asked his attorney to appeal his sentence, but the attorney failed to file a notice of appeal. The Court held that “a criminal defense attorney’s failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success.” Id. at 42. In explaining why this is the case, the Court noted:
Strickland is concerned with attorney performance in the course of representation. By its own text, it does not apply to deprivations of counsel altogether, which violate the Sixth Amendment without the need for even the most elementary judicial interpretation. No one would seriously contend that a defendant need not have an attorney at trial if there is no “reasonable probability” that an attorney could win an acquittal. We see no reason to apply a different rule on direct appeal, where the defendant has the same absolute right to counsel he enjoys before conviction. However effective or ineffective Peak’s counsel was before the judgment of conviction, his failure to file the requested appeal deprived Peak of the assistance of counsel on direct appeal altogether.
Id.; see also Frazer v. South Carolina, 430 F.3d 696 (4th Cir.2005) (finding ineffective assistance of counsel when an attorney failed to consult with his client regarding the filing of an appeal); Becton v. Barnett, 920 F.2d 1190, 1195 (4th Cir.1990) (“The effect of counsel’s failure to appeal was that Becton lost his ability to protect his ‘vital interests at stake.’ He was unable to attempt to demonstrate that his conviction was unlawful through the appellate process.” (internal citation omitted)).
These cases illustrate that the failure to file an appeal results in a presumption of ineffective assistance of counsel. This is so because the failure deprives the defendant of the process by which his constitutional rights are reviewed and his deprivation of liberty assessed. And in these circumstances, the defendant need show only that, but for his counsel’s omission, he would have filed an appeal. This principle logically applies to the present case.
Although Sumner’s attorney did file a notice of appeal, he omitted a critical part of the appeal: properly presenting the primary issue for review in the Questions Presented. Because of this omission, the state courts deemed the claim to be procedurally defaulted. Since Sumner’s appeal was based almost completely on this un-perfected claim, his counsel effectively denied Sumner the entire appeal. And, but for the omission of Sumner’s counsel, his appeal would have been timely and properly before the court. Therefore, by his counsel’s error, Sumner was indisputably deprived of the process by which his Fourth Amendment rights and resultant deprivation of liberty would be assessed, and we may presume prejudice.
The appellees argue, and the majority finds, that Sumner’s case is different because the above-cited cases all involved circumstances in which the attorney completely failed to preserve the right to an appeal, thus forfeiting the entire process. However, the logic underlying the Supreme Court’s precedent does not allow us to read constructive ineffective assistance of counsel so narrowly. If an attorney, through his omission and not strategy, fails to raise a critical claim on appeal— *944 and the appeal consists almost entirely of that claim — then the attorney has failed to perfect the appeal and has effectively denied the defendant his right to the appeal. See Hernandez v. United States, 202 F.3d 486, 489 (2d Cir.2000) (finding “no basis” for “a distinction between a criminal defendant whose counsel files an untimely notice of appeal, does not file a notice of appeal, or files a timely notice and then neglects to perfect the appeal.”); Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir.1990) (“[W]hen courts have found counsel constitutionally inadequate, because either retained or appointed counsel failed to properly perfect an appeal, they do not consider the merits of arguments that the defendant might have made on appeal.”).
The problem was compounded when Sumner’s counsel failed to amend his petition to include a new question presented, even though a party may attempt to do so prior to an action on the petition by the Virginia Court of Appeals: “Although the timely filing of a petition for appeal is jurisdictional, nothing in the Rules of Court prevents us from exercising our inherent authority to allow the petitioner to present additional issues for our consideration when we have already acquired jurisdiction and have not yet acted on the original petition.” Riner v. Virginia, 40 Va.App. 440, 579 S.E.2d 671, 677-78 (2003), aff'd, 268 Va. 296, 601 S.E.2d 555 (2004). Instead of attempting to amend the petition, the attorney wrote to Sumner and told him: “I have never had the appellate court to [sic] reject a brief because of the question presented or the assignment of errors. I believe it would be a manifest injustice in this case for them to do so.” (J.A. 33.) He further claimed that, because “the appellate courts operate under very strict time frames,” and the deadline for filing the initial brief had passed, he did not “have the ability to change anything.” (Id.) Given the holding in Riner, this was simply incorrect.
This letter is also a clear indication that the decision of Sumner’s counsel not to include the proper Questions Presented or to amend the Questions Presented section was not, as the appellees contend and as the courts below found, a strategic decision to which we grant deference. The omitted argument accounted for four of the seven pages of his arguments section. (J.A. 59-62.) Sumner’s counsel intended to, and indeed did, present the argument as part of his appeal. But he failed to properly present the argument in the Questions Presented portion of the brief. This was not strategy.
III.
Sumner was denied consideration of the merits of his appeal because of the error of his attorney. Thus, he was effectively denied an appeal altogether. The majority does not recognize the constitutional infirmity of this denial, and I therefore dissent from its opinion.

 Virginia Supreme Court Rule 5A: 12(c) states, in part: "The petition for appeal shall contain the questions presented.”
Virginia Supreme Court Rule 5A:20(c) states that the opening brief shall contain: "A statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court.”