09-2250-cr
U.S. v. Lian

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand ten.

PRESENT: REENA RAGGI,
DEBRA ANN LIVINGSTON,
*Circuit Judges*,
JED S. RAKOFF,
*District Judge*.[*]

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                            No. 09-2250-cr

SONG LAI LIAN, also known as TONY,

*Defendant-Appellant*.

-------------------------------------------------------------------

APPEARING FOR APPELLANT:   MARSHALL A. MINTZ, Mintz & Oppenheim LLP, New York, New York.

APPEARING FOR APPELLEE:   STEVE C. LEE, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

(Denny Chin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 1, 2009, is AFFIRMED.

Defendant Song Lai Lian, who was convicted following a jury trial of two counts of distribution and possession with intent to distribute the controlled substance commonly known as "ecstasy" in violation of 21 U.S.C. § 812 and § 841(a)(1), (b)(1)(C), urges us to vacate his 63-month prison sentence on the grounds that (1) he was denied effective assistance of counsel at sentencing in violation of the Sixth Amendment, and (2) the sentence imposed was procedurally unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    The Ineffective Assistance Challenge

Lian submits that he was constructively denied counsel at sentencing because his retained attorney failed (a) to object to the Presentence Investigation Report ("PSR"), (b) to ensure that Lian saw a copy of the PSR, (c) to submit a sentencing memorandum, and (d) generally to represent Lian's interests at sentencing.

While we are generally disinclined to resolve ineffectiveness claims on direct review, see generally Massaro v. United States, 538 U.S. 500, 505 (2003) (stating that in most cases habeas petition is preferable to direct appeal as district court is "forum best suited to developing the facts necessary to determining the adequacy of representation during an entire

2

trial"), we will do so when the factual record is sufficiently developed and resolution of the claim is "beyond any doubt" or "in the interest of justice," United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004) (internal quotation marks omitted).  This is such a case.

A defendant seeking to overturn a judgment based on ineffective assistance of counsel must demonstrate both (1) that counsel's performance was so unreasonable under prevailing professional norms that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," Strickland v. Washington, 466 U.S. 668, 687 (1984); and (2) that the deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.  Where a defendant shows a "total or near-total dereliction[] in representation" by an attorney, the law will identify a constructive denial of counsel, triggering a presumption of prejudice.  Restrepo v. Kelly, 178 F.3d 634, 639, 641 (2d Cir. 1999).  This is not such a case.

Although counsel's performance at sentencing left much to be desired, it was hardly a total (or even near-total) dereliction of representation.  While counsel did not submit a sentencing memorandum, he did advocate on Lian's behalf, highlighting Lian's clean record and employment history in the period following the charged conduct, his marriage, the birth of his child, and his remorse for his crimes as evidence that Lian had "completely changed his life around," warranting mitigation of sentence.  Sent'g Tr. at 5. Thus, the record does

3

not support Lian's claim that counsel presented "no relevant arguments." Appellant's Br. at 13.

Although Lian's attorney can be faulted for failing to ensure that his client received a copy of the PSR in advance of sentencing, Lian cannot show prejudice because the omission was remedied by the district court, which granted a recess to permit Lian time to review the PSR with counsel. The district court then not only confirmed with Lian that he had had enough time to review the report, it also offered to adjourn the proceedings to another date if Lian wanted more time. Lian, however, indicated that he wished to proceed with sentencing. Contrary to Lian's argument, nothing in the record indicates that his decision to proceed was not knowing. Nor can Lian demonstrate prejudice from counsel's failure to object to the PSR, as he points to no errors in the report that went unaddressed by the district court.[1]

No different conclusion is warranted with respect to defense counsel's asserted failure to argue that the government engaged in "sentencing manipulation." As Lian acknowledges, "this Court has not yet recognized" that doctrine, which, in any event, would likely require a showing of "outrageous government conduct" not supported by the record here. United

---

[1] The district court indicated that the PSR understated the number of Lian's prior convictions, an error that, had it gone unaddressed, would have redounded to Lian's benefit. Further, when the district court referred to a previous crime in which Lian "acted in concert with others and forcibly removed U.S. cash at gunpoint from a 39-year-old Asian male," Sent'g Tr. at 8 (citing PSR ¶ 36), Lian stated that he had been convicted for his role in the conspiracy but did not use the gun and was not present at the scene of the crime.

4

States v. Gagliardi, 506 F.3d 140, 148 (2d Cir. 2007) (internal quotation marks omitted); see also United States v. Gomez, 103 F.3d 249, 256 (2d Cir. 1997).

Accordingly, we reject Lian's Sixth Amendment challenge as without merit.

2.     The Sentencing Challenge

Lian submits that his sentence is procedurally flawed because the district court lacked information sufficient for proper consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). We disagree. We review a sentence for reasonableness, see United States v. Booker, 543 U.S. 220, 261-62 (2005), a standard akin to review for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). In the absence of record evidence suggesting otherwise, we presume that a sentencing judge faithfully discharged his duty to consider the § 3553(a) factors. See United States v. Legros, 529 F.3d 470, 478 (2d Cir. 2008); see also United States v. Keller, 539 F.3d 97, 101 (2d Cir. 2008) (disavowing "formulaic requirements" or "robotic incantations" to discharge § 3553(a) duty). The record in this case provides no reason to question this presumption.

Lian has not identified any pertinent evidence or information that was unavailable to the district court. The PSR detailed Lian's background – including a disturbing criminal history – and the circumstances of the charged offenses. The district court was also familar with the latter as a result of presiding at Lian's trial. As noted, Lian's counsel argued that Lian had turned his life around by obtaining gainful employment, marrying, and fathering a child. Both Lian and his counsel communicated Lian's remorse. After indicating that he

5

had considered the facts of the case, the PSR, the arguments presented in court, and the § 3553(a) factors, the district judge imposed a sentence at the bottom of Lian's Guidelines range.  On this record, we conclude that the court "rested its sentence on the appropriate considerations," Kimbrough v. United States, 552 U.S. 85, 111 (2007), and we identify no procedural error.

3.　　Conclusion

We have considered Lian's other arguments on appeal and conclude that they are without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court