## RODRIQUEZ *v.* UNITED STATES.

No. 749.   Argued March 26, 1969.—Decided June 2, 1969.

*William Ross Wallace,* by appointment of the Court, 393 U. S. 974, argued the cause and filed a brief for petitioner.

*Beatrice Rosenberg* argued the cause for the United States. With her on the brief were *Solicitor General Griswold, Assistant Attorney General Wilson,* and *Lawrence G. Wallace.*

MR. JUSTICE MARSHALL delivered the opinion of the Court.

Petitioner brought this suit for post-conviction relief under 28 U. S. C. § 2255, alleging that after his conviction on several narcotics charges he had been improperly denied his right to appeal. Petitioner was sentenced to 11 concurrent 20-year terms on June 20, 1963. Immediately after the sentencing, petitioner's retained counsel attempted to make a motion requesting leave for petitioner to proceed *in forma pauperis.* The trial judge cut petitioner's counsel off, saying that all motions had to be in writing. Without making any further inquiry, he adjourned the court. No written motions were ever filed, and petitioner's counsel did not submit a notice of appeal within the 10-day period specified by the applicable rule.[1] On August 7, 1963, after the time had expired, petitioner attempted to file a notice of appeal himself. He declared that an oral notice had been given at trial. The trial judge ruled that the expiration of the appeal period deprived the court of jurisdiction. Petitioner then sought relief in the Court of Appeals for the Ninth Circuit. He alleged that he had told his counsel to perfect an appeal, but that counsel had failed to do so. The Ninth Circuit denied petitioner's motion for lack of jurisdiction, citing *United States* v. *Robinson,* 361 U. S. 220 (1960). It also refused habeas corpus.

---

[1] Fed. Rule Crim. Proc. 37 (a), now Fed. Rule App. Proc. 4 (b).

This action was commenced on February 15, 1966. Petitioner alleged that he was of Mexican descent and that his knowledge of English was limited. He further contended that his retained counsel had fraudulently deprived him of his right to appeal. He asked that his conviction be set aside and that he be resentenced so that he could properly take an appeal. The District Court for the Northern District of California denied petitioner's application and the Ninth Circuit affirmed. 387 F. 2d 117 (1967). Both courts relied on a Ninth Circuit rule requiring applicants in petitioner's position to disclose what errors they would raise on appeal and to demonstrate that denial of an appeal had caused prejudice. We granted certiorari to resolve a conflict among the circuits about the propriety of such a requirement.[2] 393 U. S. 951 (1968). We reverse.

## I.

As this Court has noted before, "[p]resent federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter

---

[2] The Ninth Circuit rule originated in two 1964 decisions, *Wilson* v. *United States,* 338 F. 2d 54, and *Miller* v. *United States,* 339 F. 2d 581. Cf. *McGarry* v. *Fogliani,* 370 F. 2d 42 (C. A. 9th Cir. 1966). The First Circuit has adopted an intermediate position; the defendant is not required to show plain reversible error in his application, but the Government may defeat relief by showing that an appeal would be futile. *Desmond* v. *United States,* 333 F. 2d 378 (1964). Both petitioner and the Government attempt to find support in the position of the Tenth Circuit. *Hannigan* v. *United States,* 341 F. 2d 587 (1965). The Fifth, Sixth, Seventh, Eighth, and District of Columbia Circuits do not require any showing about the issues to be raised on appeal. *Camp* v. *United States,* 352 F. 2d 800 (C. A. 5th Cir. 1965); *United States* v. *Smith,* 387 F. 2d 268 (C. A. 6th Cir. 1967); *Calland* v. *United States,* 323 F. 2d 405 (C. A. 7th Cir. 1963); *Williams* v. *United States,* 402 F. 2d 548 (C. A. 8th Cir. 1968); *Dillane* v. *United States,* 121 U. S. App. D. C. 354, 350 F. 2d 732 (1965).

of right." *Coppedge* v. *United States,* 369 U. S. 438, 441 (1962). The Ninth Circuit seems to require an applicant under 28 U. S. C. § 2255 to show more than a simple deprivation of this right before relief can be accorded. It also requires him to show some likelihood of success on appeal; if the applicant is unlikely to succeed, the Ninth Circuit would characterize any denial of the right to appeal as a species of harmless error. We cannot subscribe to this approach.

Applicants for relief under § 2255 must, if indigent, prepare their petitions without the assistance of counsel. See *Johnson* v. *Avery,* 393 U. S. 483, 487–488 (1969). Those whose education has been limited and those, like petitioner, who lack facility in the English language might have grave difficulty in making even a summary statement of points to be raised on appeal. Moreover, they may not even be aware of errors which occurred at trial. They would thus be deprived of their only chance to take an appeal even though they have never had the assistance of counsel in preparing one. Like the approach rejected long ago in *Powell* v. *Alabama,* 287 U. S. 45, 69 (1932), the Ninth Circuit's requirement makes an indigent defendant face "the danger of conviction because he does not know how to establish his innocence." Moreover, the Ninth Circuit rule would require the sentencing court to screen out supposedly unmeritorious appeals in ways this Court rejected in *Coppedge.* Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. Accordingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated.

## II.

The Government, while not arguing that the courts below properly denied relief on the pleadings, urges us to remand this case for a truncated factual hearing. Drawing upon this Court's recognition in *Machibroda* v. *United States,* 368 U. S. 487, 495 (1962), that the hearing requirement of § 2255 "does not strip the district courts of all discretion to exercise their common sense," the Government suggests that the District Court be instructed to obtain an affidavit from petitioner's trial attorney explaining why no notice of appeal was filed. This explanation, together with petitioner's allegations, would be used to judge the propriety of a hearing.

This issue was not present in this case when certiorari was granted and we do not think it is present now. For we think it "just under the circumstances," 28 U. S. C. § 2106, for us to dispose of petitioner's arguments finally at this stage. Six years have now elapsed since petitioner was sentenced, and we do not see how further delay and further prolonged proceedings would serve the cause of justice. Moreover, it appears from the trial transcript in this case that the trial judge erroneously failed to advise petitioner of his right to appeal. At the time of trial, Fed. Rule Crim. Proc. 37 (a)(2) required the sentencing judge to inform unrepresented defendants of their right to appeal; the clerk upon request was required to file a notice of appeal for the defendant.[3] Counsel's attempt to

---

[3] Rule 37 (a)(2) provided:

"When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant."

This provision has since been transferred to Rule 32 (a)(2). It now applies to defendants going to trial on a plea of not guilty, whether or not they are represented by counsel. The problem of determining whether to give notice to a person represented at trial, but who may not be represented on appeal, will therefore not recur.

obtain leave for petitioner to proceed *in forma pauperis* should have put the trial judge on notice that petitioner would be unrepresented in the future. Moreover, unless an appeal was contemplated, there would be no reason to make such a motion. As the trial judge should have recognized, petitioner was therefore precisely the kind of defendant who needed the protection afforded by the rule. Had he known that the clerk would file a notice of appeal for him, he could easily have avoided the difficulties he has faced. At the very least, the trial judge should have inquired into the circumstances surrounding the attempt to make the *in forma pauperis* motion. His failure to do so effectively deprived petitioner of his right to appeal. Since this deprivation appears on the record before us, we see no need for any factual determinations on remand. Cf. *United States* v. *Smith*, 387 F. 2d 268 (C. A. 6th Cir. 1967).

The judgment is reversed and the case is remanded to the District Court where petitioner should be resentenced so that he may perfect an appeal in the manner prescribed by the applicable rules.

*It is so ordered.*

Mr. Justice Harlan, concurring in part and dissenting in part.

I agree with Part I of the Court's opinion, but cannot subscribe to Part II, in which the Court reinstates petitioner's right to appeal without further proceedings below. In taking this course I think the Court has been too insensitive to what, on this record, is due the trial judge, petitioner's trial counsel, and the orderly administration of the criminal process.

In my opinion, this record does not show that petitioner was wrongfully denied an opportunity to appeal. It appears from the record that immediately following petitioner's sentencing his lawyer indicated orally that

petitioner wished to appeal *in forma pauperis,* and that the judge informed the lawyer that "all motions" had to be made in writing. Thereafter no written notice of appeal was filed within the 10-day limit. Petitioner further *alleges* that he told his counsel to perfect an appeal and that counsel neglected to do so, but those allegations have never been tested by the adversary process.

The Court undertakes to justify its decision not to require a hearing and findings on this score by characterizing as "error" the sentencing judge's failure "to advise petitioner of his right to appeal," as then supposedly required by Fed. Rule Crim. Proc. 37 (a)(2), and by concluding that it is "just under the circumstances," 28 U. S. C. § 2106, to dispose of the case at this level. See *ante,* at 331–332.

Although I share the Court's concern that petitioner receive promptly all relief which is legally due him, I am unable to accept either this attribution of "error" to the trial judge or this bypassing of established methods for determining the truth of factual allegations. At the time petitioner was sentenced, Rule 37 (a)(2) required that a sentencing judge advise only "a defendant *not represented by counsel*" of his right to appeal.[1] (Emphasis supplied.) In this instance, petitioner was represented by retained counsel both at trial and at sentencing. The excerpts from the trial transcript upon which the Court relies contain nothing at all to rebut the natural inference, apparently drawn by the sentencing judge, that petitioner's counsel would continue to represent him at least for the purpose of filing a notice of appeal. Indeed,

---

[1] This provision was subsequently amended to require that the judge so advise all defendants, whether or not represented by counsel. See *ante,* at 331, n. 3. See also *Peoples* v. *United States,* 337 F. 2d 91 (1964); *Calland* v. *United States,* 323 F. 2d 405 (1963); *Boruff* v. *United States,* 310 F. 2d 918 (1962).

petitioner's own statement of the facts reveals that this inference was wholly justified, for petitioner asserts that after his sentencing "his counsel advised both him and his wife that he would arrange for their appeals." [2] Thus, even if it is assumed that "the trial judge should have inquired into the circumstances surrounding the attempt to make the *in forma pauperis* motion," *ante,* at 332, the judge's omission was surely at most harmless error.

I would therefore remand the case to the District Court, so that it may be determined whether petitioner in fact did instruct his attorney to perfect an appeal and whether the attorney in fact neglected to do so. This course seems to me to be required both in the interest of orderly procedure and in fairness to petitioner's trial attorney.

Furthermore, as suggested by the Government, I would permit the District Court discretion to begin by obtaining an affidavit from petitioner's attorney in response to petitioner's allegations. Who knows whether the attorney may not have in his possession documentary evidence conclusively showing the allegations to be unfounded? Or who knows whether the attorney may not wish to concede the accuracy of the allegations? In either case, the affidavit procedure might obviate the necessity for a full-blown hearing. If the attorney has no documentary evidence, and if his affidavit reveals a factual controversy, then of course a hearing would be required. Such a procedure entirely fits the language of 28 U. S. C. § 2255 and this Court's statement in *Machibroda* v. *United States,* 368 U. S. 487, 495 (1962), that § 2255 "does not strip the district courts of all discretion to exercise their common sense."

---

[2] Brief for Petitioner 6.