980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Javier TORRES-RUIZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-55658.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Dec. 10, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Torres-Ruiz pled guilty to one count of transporting illegal aliens. See 8 U.S.C. § 1324(a)(1)(B). Although the Sentencing Guidelines range called for a sentence of two to eight months in custody, and the Probation Department recommended a three-year sentence, Torres-Ruiz received a four-and-a-half-year prison term. The judge justified his upward departure on the grounds that Torres-Ruiz led officers on a 66-mile high-speed car chase that endangered public safety, was driving a stolen vehicle, and had in the past evaded criminal prosecution by using numerous aliases. Torres-Ruiz did not directly appeal his sentence, but subsequently brought a pro se motion to have it vacated or corrected, pursuant to 28 U.S.C. § 2255. The district court's denial of that motion is the subject of this appeal.
 
 
 3
 In his original motion challenging his sentence, Torres-Ruiz alleged that his sentence violated due process because the aggravating circumstances cited to justify the upward departure had already been accounted for in determining his criminal history. He also alleged ineffective assistance of counsel, in that his attorney failed to make this argument to the court. Following the district court's denial of his motion, Torres-Ruiz filed a Motion for Reconsideration, again alleging ineffective assistance of counsel. This time, ineffectiveness was alleged to lie in counsel's failure to appeal the sentence after promising his client he would do so. The district court denied this Motion for Reconsideration, and Torres-Ruiz now appeals.
 
 
 4
 Torres-Ruiz argues on appeal that counsel's ineffectiveness denied him the opportunity directly to appeal his sentence. He asks this court to "reinstate [his] appeal rights." Appellant's Brief at 4. The government maintains that because Torres-Ruiz failed to raise this issue in his original motion to the district court, it may not now be considered. Appellee's Brief at 10. Torres-Ruiz did indeed raise the issue below, but only in his Motion for Reconsideration, and there is no indication in the district court's summary dismissal that it considered the merits of this new claim. In any event, the government's argument mistakes our common practice for a bright-line rule. "Generally we will not consider an issue raised for the first time on appeal, although we have the power to do so. The court will exercise its discretion, however, when significant questions of general impact are raised; injustice might otherwise result; or plain error has occurred." Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1477 (9th Cir.1989) (citations and internal quotation marks omitted). Because the right to an appeal with counsel is so fundamental to our concept of due process that its denial is presumptively prejudicial, Penson v. Ohio, 488 U.S. 75 (1988), injustice might well be the result should we refuse to hear this pro se defendant's claim on its merits. We accordingly consider whether counsel's ineffectiveness denied Torres-Ruiz the opportunity directly to appeal his sentence.
 
 
 5
 This court recently decided a case that raised the same issue, but in the context of a state prisoner challenging his sentence under 28 U.S.C. § 2254. See Lozada v. Deeds, No. 90-15621, slip op. 5817 (9th Cir. May 20, 1992). The petitioner in that case also alleged that counsel's ineffectiveness in failing to file notice of an appeal had caused him to lose his right to appellate review. We held that "prejudice is presumed under Strickland if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent." Id. at 5824; see also Strickland v. Washington, 466 U.S. 668 (1984) (habeas petitioner must show prejudice from counsel's unprofessional errors). Because prejudice is presumed, Torres-Ruiz's habeas petition need not even specify the grounds for appeal, let alone establish their merit. See Id. at 5822 (citing Rodriquez v. United States, 395 U.S. 327, 330 (1969)). The remedy, as in Lozada, is to "remand for a determination of whether the failure to file the notice of appeal was without [Torres-Ruiz's] consent. If that is the case, petitioner is entitled to relief by way of a conditional writ." Id.
 
 
 6
 We remand to the district court to consider whether Torres-Ruiz consented to his counsel's failure to file a notice of appeal. Because Torres-Ruiz will soon have completed his 4 1/2 year prison term, if he has not already done so, expeditious resolution of this appeal is desirable.[1] Thus, in the event that the district court finds Torres-Ruiz did not consent to waive his appeal, we suggest that it also reconsider its sentence in light of United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). Since strong parallels can be drawn between the two cases, Lira-Barraza is certain to be argued if Torres-Ruiz's direct appeal rights are restored.
 
 
 7
 REMANDED for further proceedings in accordance with this disposition.
 
 REINHARDT, Circuit Judge, concurring:
 
 8
 This case provides another unfortunate example of how procedural hurdles and bureaucratic perils can delay and deny justice. By this point, Torres-Ruiz has finished serving a four and one half year sentence that unquestionably was imposed contrary to law. United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc). Through a series of events largely beyond Torres-Ruiz' control, he has unnecessarily endured incarceration beyond lawful limits.
 
 
 9
 The Sentencing Guidelines recommend a prison term ranging from two to eight months for the offense to which Torres-Ruiz pleaded guilty. The district judge imposed a sentence of fifty-four months without providing any reasoned explanation for such an enormous upward departure. For unknown reasons, Torres-Ruiz' lawyer failed to appeal the sentence. After the district judge denied Torres-Ruiz' pro se motion under 28 U.S.C. § 2255, the briefs were filed, and the appeal was ready for assignment to a panel, Torres-Ruiz' case inexplicably drifted in limbo within the administrative confines of this court for a year and a half. All the while, Torres-Ruiz languished in the Attorney General's custody.
 
 
 10
 Correctly applying legal precedent, today we remand Torres-Ruiz' case to the district court to consider whether he consented to his counsel's failure to file a notice of appeal. I doubt that our action furthers the cause of substantial justice. Tragically, it is simply too late for us to correct the manifest injustice that Torres-Ruiz has suffered. Neither we nor the district court can undo the years he spent in unlawful confinement.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even if Torres-Ruiz has recently been released from prison, his case is not moot. He was also sentenced to a three-year term of supervised release, which this appeal will directly affect. Had the district court imposed a sentence within the Guidelines' range, less than one year in prison in this case, an additional term of supervised release would have been discretionary rather than mandatory. See United States v. Lira-Barraza, 941 F.2d 745, 746 n. 1 (9th Cir.1991) (en banc). Moreover, the imputed starting date for Torres-Ruiz's term of supervised release must be moved up if this court decides that his sentence exceeded that allowed under the Sentencing Guidelines