

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2008

# Velazquez v. Grace

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1292

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Velazquez v. Grace" (2008). *2008 Decisions.* Paper 1254.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1254

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  06-1292

_____

LUIS M. FELIX VELAZQUEZ,

Appellant

v.

JAMES GRACE, Superintendent, SCI-Huntingdon, PA;
DISTRICT ATTORNEY OF LEBANON COUNTY, PA;
PA STATE ATTORNEY GENERAL

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 04-cv-02348)
District Judge: Honorable John E. Jones, III

_____

Argued April 18, 2008

Before: SCIRICA, Chief Judge, AMBRO and FISHER, Circuit Judges

(Opinion filed May 8, 2008)

Diana Lynn Stavroulakis, Esquire (Argued)
262 Elm Court
Pittsburgh, PA   15237

        Counsel for Appellant

Robert W. McAteer, Esquire (Argued)
Office of the District Attorney
400 South Eighth Street, Room 11

Municipal Building
Lebanon, PA 17042

Counsel for Appellee

---

OPINION

---

AMBRO, Circuit Judge

Luis M. Felix Velazquez appeals the District Court's denial of his petition for a writ of *habeas corpus*. We have jurisdiction under 28 U.S.C. § 1291, and vacate that denial for the reasons stated below.

I.

Velazquez was charged with a number of sexual offenses in March 2002. He was tried and convicted in October 2002 in the Lebanon County, Pennsylvania, Court of Common Pleas. Charles T. Jones, Jr. represented Velazquez at trial. After the verdict was issued, John R. Kelsey was appointed to represent Velazquez.

In January 2003, the trial court sentenced Velazquez to a term of incarceration of 13 ½ to 27 years. He instructed Kelsey to file a direct appeal and a collateral attack under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541, *et seq.* Kelsey failed to file a direct appeal or a petition under the PCRA and the deadlines for doing so passed.[1] The

---

[1]The deadline for filing a direct appeal was 30 days from imposition of the sentence. Pa. R. App. P. 903(c)(3); 42 Pa. C.S. § 5571. The deadline for filing a petition under the PCRA was one year from when the conviction became final (*i.e.*, one year after the deadline for filing a direct appeal). 42 Pa. C.S. § 9545(b).

one-year deadline for filing a federal *habeas* petition, 28 U.S.C. § 2244(d)(1), also passed before Kelsey informed Velazquez in April 2004 (15 months after sentencing) that he had not filed a petition under the PCRA.

In October 2004, Velazquez, proceeding *pro se*, filed a petition for writ of *habeas corpus* in the Middle District of Pennsylvania. He asserted that he had been deprived of his Sixth Amendment right to counsel by Kelsey's failure to file a direct appeal or for PCRA relief. The District Court denied the petition. It concluded that: (1) the petition should be entertained because the interests of justice required that his failure to exhaust state remedies be excused and that Velazquez's failure to file the petition timely be excused because of equitable tolling; and (2) the petition should be denied because Velazquez had failed to show that he had been prejudiced by Kelsey's failure to file an appeal.

We issued a certificate of appealability in November 2006 and directed that counsel be sought to represent Velazquez.

## II.

We agree with the District Court that the doctrine of equitable tolling permits us to consider this otherwise untimely petition. Moreover, the Commonwealth did not include any argument regarding equitable tolling in its brief, so it has waived that issue. We also reject any suggestion that Velazquez, who took all reasonable steps to present his claims to the appropriate courts, "sat on his rights" and thereby failed to exhaust his state remedies. Accordingly, we turn to the merits of his claim.

## III.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court interpreted *Strickland v. Washington*, 466 U.S. 668 (1984), as requiring that a defense counsel consult with a defendant about whether he or she wishes to appeal a conviction. If that consultation occurs and the defendant does not express a wish to appeal, counsel is not *per se* professionally unreasonable for not filing an appeal. *Flores-Ortega*, 528 U.S. at 478. The Court explained, however, that if a criminal defendant expressed a wish to appeal, a defense counsel is professionally unreasonable if he or she fails to do so. *See id.* at 477 ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").

We applied that precedent in *United States v. Shedrick*, 493 F.3d 292 (3d Cir. 2007), and held that the failure to file an appeal of an upward sentencing departure was ineffective assistance of counsel when the criminal defendant's counsel was told that the defendant wished him to file an appeal.

The Commonwealth nonetheless suggests that the District Court correctly rejected the ineffective assistance argument because Velazquez had not shown he had meritorious claims. But neither *Shedrick* nor *Flores-Ortega* requires such a showing. Instead, *Flores-Ortega* held that a petitioner only must show that "counsel's constitutionally deficient performance deprive[d him] of an appeal that he otherwise would have taken." *Flores-Ortega*, 528 U.S. at 484. Here, if Kelsey had not been constitutionally deficient (*i.e.*, by not following Velazquez's instructions), an appeal would have been taken.

4

In fact, the asked-for addition of the requirement that the appeal not taken have merit contradicts *Rodriquez v. United States*, 395 U.S. 327 (1969), which the Supreme Court cited approvingly in *Flores-Ortega*. *See Flores-Ortega*, 528 U.S. at 477, 485. *Rodriquez* involved the failure of counsel to file a direct appeal after a conviction in federal court. The Court rejected a Ninth Circuit rule that would "require the sentencing court to screen out supposedly unmeritorious appeals." *Rodriquez*, 395 U.S. at 330. It explained:

> Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. Accordingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated.

*Id.* The Court interpreted *Rodriquez* in *Flores-Ortega* as holding that "by instructing counsel to perfect an appeal, [the defendant] objectively indicated his intent to appeal and was entitled to a new appeal without any further showing." *Flores-Ortega*, 528 U.S. at 485.

Though it is tempting to do so, we should not inquire into the merit of a prospective appeal. The loss of a requested direct appeal is prejudice enough (*i.e.*, sufficient to satisfy *Strickland* as construed by *Flores-Ortega*).

The Commonwealth correctly asserts that, if successful on this appeal, Velazquez should receive the remedy of reinstatement of his direct appeal rights in the Pennsylvania courts (with appropriate representation). We ask that the District Court enter an

5

appropriate order on remand.

* * * * *

We vacate and remand the judgment of the District Court.