FILED
United States Court of Appeals
Tenth Circuit

May 27, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD B. ANDREWS,

        Petitioner-Appellant,

v.

STATE OF COLORADO; LOU
ARCHULETA; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents-Appellees.

No. 09-1479
(D.C. No. 06-CV-01738-WDM-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Donald Andrews, a Colorado state prisoner, appeals from the district court's denial

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of his petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2254. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court.

In August 1989, Andrews was convicted by a jury in the District Court of Arapahoe County of one count of second degree burglary and one count of possession of burglary tools and sentenced to a total term of imprisonment of thirty years. Andrews did not file a direct appeal.

In March 1994, Andrews, proceeding pro se, filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure alleging, in pertinent part, that he was deprived of his constitutional right to effective assistance of counsel as a result of his trial counsel's failure to file a notice of appeal. The state trial court first appointed counsel to represent Andrews in the Rule 35(c) proceeding, and then conducted an evidentiary hearing on Andrews' Rule 35(c) motion, during which Andrews and his trial counsel testified. Following the hearing, the state trial court denied Andrews' motion. In doing so, the state trial court expressly found that Andrews' trial counsel "clearly communicated to" Andrews "that he had been given a very fair and clean . . . trial," "that there were no appealable issues," and that, consequently, "she would not be representing him on appeal." Aplee. App. at 87. The state trial court also concluded that, in any event, Andrews was not prejudiced by his trial counsel's failure to file a notice of appeal. Id. at 88. The Colorado Court of Appeals (CCA) subsequently affirmed the denial of postconviction relief on the same grounds.

2

In August 2006 (after filing a second unsuccessful Rule 35(c) motion), Andrews initiated these federal habeas proceedings by filing a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Andrews' motion was granted and, on September 1, 2006, Andrews filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Andrews' petition alleged, in pertinent part, that his trial counsel was ineffective for failing to file a notice of appeal on his behalf.

The district court ultimately dismissed Andrews' petition and denied federal habeas relief. In doing so, the district court noted "[t]here [wa]s no evidence that trial counsel ever accepted responsibility for [filing a notice of] appeal or that A[ndrews] understood that she had" accepted such responsibility. App. at 114. Further, the district court concluded that the Supreme Court's decision in Rodriquez v. United States, 395 U.S. 327 (1969) did not "grant[] a criminal defendant the power to require trial counsel to file an appeal or establish[] a rule that the failure of trial counsel to file a Notice of Appeal [wa]s *per se* ineffective assistance of counsel, regardless of the circumstances." App. at 114 (italics in original).

Andrews filed a timely notice of appeal, an opening appellate brief and a request for COA. On March 5, 2010, this court granted Andrews a COA on his ineffective assistance claim and directed respondents to file a response and supplemental appendix. Respondents have since filed the requested materials, and Andrews, through newly retained counsel, has filed a reply brief and a supplemental appendix of his own.

Because this is an appeal from the denial of federal habeas relief pursuant to 28

3

U.S.C. § 2254, our scope of review is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Snow v. Sirmons, 474 F.3d 693, 696 (10th Cir. 2007). Where, as here, a constitutional claim was denied on the merits by the state courts, AEDPA prohibits us from granting federal habeas relief on the basis of that claim unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). "When reviewing a state court's application of federal law, we are precluded from issuing the writ simply because we conclude in our independent judgment that the state court applied the law erroneously or incorrectly." McLuckie v. Abbott, 337 F.3d 1193, 1197 (10th Cir. 2003). "Rather, we must be convinced that the application was also objectively unreasonable." Id. "This standard does not require our abject deference, . . . but nonetheless prohibits us from substituting our own judgment for that of the state court." Snow, 474 F.3d at 696 (internal quotation marks omitted).

In applying these standards to Andrews' appeal, we begin by outlining the clearly established federal law relevant to his claim. "[B]ecause of the absence of a constitutional right to appeal," Murray v. Giarratano, 492 U.S. 1, 17-18 (1989) (citing McKane v. Durston, 153 U.S. 684, 687-688 (1894)), the relevant constitutional principle that was clearly established at the time Andrews' state conviction became final was the Sixth Amendment right to effective assistance of counsel. See McMann v. Richardson,

4

397 U.S. 759, 771 n.14 (1970) ("It has long been recognized that the right to counsel is the right to the effective assistance of counsel."); see also Williams v. Taylor, 529 U.S. 362, 380 (2000) (holding that AEDPA "requires federal habeas courts to deny relief that is contingent upon a rule of law not clearly established at the time the state conviction became final."). To prevail on a claim of ineffective assistance of counsel, a criminal defendant has the burden of showing by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness, Strickland v. Washington, 466 U.S. 668, 688 (1984), and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Rodriquez).[1]

We are not persuaded that the CCA's decision affirming the denial of postconviction relief was contrary to, or involved an unreasonable application of, these principles. Given the relevant factual findings made by the state trial court (which were effectively adopted by the CCA)[2], Andrews' ineffective assistance claim is

---

[1] We recognize that Roe was issued long after Andrews' conviction became final. We quote it only because of its clarity in explaining the principle announced in Rodriquez.

[2] We do not read Andrews' appeal as challenging the factual findings made by the state trial court at the conclusion of the evidentiary hearing on his Rule 35(c) motion. Even if we were to conclude otherwise, we are not persuaded that those factual findings were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

distinguishable from the one at issue in Rodriquez. The petitioner in Rodriquez allegedly "told his counsel to perfect an appeal, but . . . counsel . . . failed to do so." 395 U.S. at 328. Here, in contrast, the factual findings made by the state trial court do not reveal any such failure on the part of Andrews' trial counsel. Rather, Andrews' trial counsel, after weighing the possibility of an appeal, concluded in her professional opinion that there were no legitimately appealable issues. In fact, Andrews' trial counsel testified at the Rule 35(c) hearing that she believed it would have been unethical for her, as an officer of the court, to have filed an appeal in Andrews' case. In turn, Andrews' trial counsel informed Andrews, in no uncertain terms, that she would not be filing an appeal on his behalf. Consequently, Andrews, unlike the petitioner in Rodriquez, could not reasonably have been under the impression that trial counsel was going to file an appeal on his behalf. And, relatedly, there was no disregard by trial counsel in this case, as there was in Rodriquez, of "specific instructions from the defendant to file a notice of appeal . . . ." Roe, 528 U.S. at 477.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

6