[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14936
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 07-00261-CV-3-LAC/MD,
06-00111-CR-3-L

CHRISTOPHER MICHAEL STANTON,
a.k.a.  Christopher Stanton,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 23, 2010)

Before BLACK, MARTIN and COX, Circuit Judges.

PER CURIAM:

Christopher Stanton appeals the denial of his 28 U.S.C. § 2255 motion for habeas relief. Stanton contends—and the Government concedes—the district court erred in finding his counsel was not ineffective for failing to file a direct appeal.[1] After review, we reverse and remand the district court's denial of Stanton's § 2255 motion.[2]

A direct appeal of a federal conviction is a matter of right. *Rodriquez v. United States*, 395 U.S. 327, 329–30 (1969). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In cases where the defendant has not instructed counsel to file an appeal, counsel nevertheless has a "constitutionally imposed duty to consult with the defendant about an appeal when . . . [the] particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The duty to consult "requires informing a client about his right to appeal, advising the client about the

---

[1] Specifically, the Government concedes Stanton's counsel failed to "consult" with him about an appeal, as that term has been defined by binding precedent. The Government does not concede counsel disregarded Stanton's request to file a direct appeal. We do not consider this latter issue as counsel's failure to consult entitles Stanton to the only relief he seeks on appeal.

[2] When reviewing the denial of a § 2255 motion, we review a district court's factual findings for clear error and legal issues *de novo*. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). An ineffective assistance of counsel claim is a mixed question of law and fact that is subject to *de novo* review. *Caderno v. United States*, 256 F.3d 1213, 1216–17 (11th Cir. 2001).

advantages and disadvantages of taking an appeal, *and* making a reasonable effort

to determine whether the client wishes to pursue an appeal, regardless of the

merits of such an appeal." *Thompson v. United States*, 504 F.3d 1203, 1206 (11th

Cir. 2007). In cases where counsel has failed to conduct a proper consultation, the

defendant must demonstrate "there is a reasonable probability that, but for

counsel's deficient failure to consult with him about an appeal, he would have

timely appealed." *Roe*, 528 U.S. at 484.

In *Thompson*, we addressed the issue of adequacy of consultation. 504 F.3d

at 1206. Undisputed testimony in *Thompson* showed (1) Thompson expressed to

counsel that he was unhappy with his sentence directly after the court imposed it;

(2) counsel told Thompson he had a right to appeal, but noted he did not think an

appeal would be worthwhile, without explaining the reasoning behind this

position; (3) Thompson responded "fine;" and (4) the exchange lasted no more

than five minutes. *Id.* at 1207. Citing *Roe*, we concluded the consultation was

inadequate, stating "[s]imply asserting the view that an appeal would not be

successful does not constitute 'consultation' in any meaningful sense." *Id.* We

held that counsel made no effort "to discover Thompson's informed wishes

regarding an appeal," and concluded evidence that Thompson was dissatisfied

with his sentence and asked his attorney about appealing was sufficient to show the requisite prejudice. *Id.* at 1207–08.

Here, there is no dispute Stanton reasonably demonstrated an interest in appealing. Counsel admitted Stanton (1) requested an appeal after the jury returned its verdict, and (2) nodded his head when counsel told him there were no appealable issues. In light of this evidence, the Government has conceded Stanton "reasonably demonstrated to [counsel] that he was interested in appealing," and that counsel "had a duty to consult with [Stanton] about an appeal." We agree. Counsel's statement that there were no appealable issues without further explanation did not constitute adequate consultation. *See Thompson*, 504 F.3d at 1206–07. Moreover, Stanton has demonstrated that, but for counsel's failure to perfect an appeal on his behalf, he would have appealed. Stanton expressed interest in his appeal, and requested counsel's help in reducing his sentence. Therefore, there is a reasonably probability Stanton would have exercised his right to appeal.

Stanton is entitled to pursue an out-of-time appeal of his conviction and sentence. Accordingly, we reverse and remand the district court's denial of Stanton's § 2255 motion.

**REVERSED AND REMANDED.**