[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15623
Non-Argument Calendar
_____

D.C. Docket Nos. 0:15-cv-61317-KAM; 0:13-cr-60255-KAM-5

BRIAN MCCALLA,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 11, 2018)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Brian McCalla, a federal prisoner proceeding pro se, appeals the dismissal of

his 28 U.S.C. § 2255 motion.  The certificate of appealability ("COA") presents

one issue for our review: whether the district court erred in denying, without an

evidentiary hearing, McCalla's claim that counsel was ineffective for failing to

consult him about a direct appeal, despite his expressed discontent with the outcome. We reverse and remand for an evidentiary hearing on this claim.

## I.

A federal grand jury indicted McCalla and five codefendants on six criminal charges. McCalla pled guilty to Count Two, a charge of conspiracy to possess at least five kilograms of cocaine with intent to distribute. McCalla's plea agreement noted that Count Two carried a mandatory minimum sentence of ten years.

The pre-sentence investigation report calculated McCalla's advisory sentencing guidelines as 135 to 168 months, based on an offense level of 33 and his criminal history category of I. McCalla moved for a downward variance and asked the district court not to exceed the statute's mandatory minimum term. The government opposed McCalla's motion.

At sentencing, the government recommended a 132-month sentence, and McCalla renewed his request to limit his sentence to 120 months. The district court found that "a sentence below the advisory guideline range will be sufficient but not greater than necessary to comply with the requirements of Section 3553," sentenced McCalla to 126-months imprisonment, and informed McCalla that he had the right to appeal his sentence.

McCalla did not file a direct appeal. McCalla's § 2255 motion alleges that he would have appealed his sentence if counsel had consulted him. McCalla took

issue with the fact that "counsel failed to file a direct appeal even though counsel knew that [he] was unhappy with both the indictment and sentence." Indeed, McCalla said he "complained [to counsel] . . . that he received a sentence above the mandatory minimum" and "expressed his desire to challenge [this] unbelievable result[]." McCalla requested an evidentiary hearing to further develop the factual basis of this claim.

In his report and recommendation ("R&R"), the magistrate judge recommended that the district court deny McCalla's motion. As to McCalla's claim that his lawyer had not consulted him, the magistrate judge held that McCalla had not specifically asked counsel to file an appeal and that counsel did not have a duty to consult McCalla because "no rational defendant would have wanted to appeal." The magistrate judge also ruled that McCalla was not entitled to an evidentiary hearing because this claim was meritless and recommended against a COA. The district court adopted the R&R in full, noted that "[a]ny appeal of the sentence imposed would have been frivolous," and denied a COA.

This timely pro se appeal followed, and we granted a COA. McCalla asks us to reverse and remand for an evidentiary hearing or grant him an out-of-time appeal, arguing that he would have filed a direct appeal had counsel provided proper advice. The government argues that McCalla was not entitled to an

3

evidentiary hearing, that counsel did not perform deficiently, and that, even if he did, McCalla suffered no prejudice because any appeal would have been frivolous.

## II.

A direct appeal of a federal conviction is a matter of right. Rodriquez v. United States, 395 U.S. 327, 329–30, 89 S. Ct. 1715, 1717 (1969). So, too, is effective assistance of counsel in pursuing such an appeal. Evitts v. Lucey, 469 U.S. 387, 396, 105 S. Ct. 830, 836 (1985). "[T]he accused has the ultimate authority to make certain fundamental decisions regarding the case," including whether to "take an appeal." Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983). To ensure that this decision is informed, "counsel generally has a duty to consult with the defendant about an appeal." Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007). To consult means to "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes." Roe v. Flores-Ortega, 528 U.S. 470, 478, 120 S. Ct. 1029, 1035 (2000).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477, 120 S. Ct. at 1035. Even when a defendant has not specifically instructed counsel as such, counsel has a constitutional duty to consult where the defendant "reasonably demonstrated to counsel that he was interested in appealing." Id. at

4

480, 120 S. Ct. at 1036.   And "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken," the defendant has demonstrated the requisite prejudice, even if the appeal would not have been meritorious.  Id. at 484, 486, 120 S. Ct. at 1039–40; Thompson, 504 F.3d at 1208.

## III.

McCalla says he told counsel that he wanted to challenge his sentence.  This statement "reasonably demonstrated to counsel that [McCalla] was interested in appealing."  See Flores-Ortega, 528 U.S. at 480, 120 S. Ct. at 1036.  As a result, counsel was duty-bound to advise McCalla "about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover [his] wishes."  See id. at 478, 120 S. Ct. at 1035.  But, according to McCalla, counsel did not.  If counsel had upheld his constitutional duty, McCalla "would have instructed counsel to appeal the sentence."  Therefore, McCalla has alleged facts that, if true, would establish a "successful ineffective assistance of counsel claim entitling him to an appeal."  See id. at 484, 120 S. Ct. at 1039.  The fact that his appeal may not have been successful does not alter this conclusion.  See id. at 486, 120 S. Ct. at 1040; see also Thompson, 504 F.3d at 1208.  Neither does the fact that the sentencing judge informed McCalla of his right to appeal.  See Thompson, 504 F.3d at 1208 n.8 ("That the sentencing judge notified Thompson that he had a

5

right to appeal does not absolve counsel from the duty to consult with his client about the substance of the right to appeal.").

Therefore, the record does not "conclusively show that [McCalla] is entitled to no relief," 28 U.S.C. § 2255(b), and the district court abused its discretion by not conducting an evidentiary hearing. Id.; see also Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002). At the evidentiary hearing, the district court should ascertain all relevant details regarding McCalla and counsel's discussions about McCalla's prospective appeal. This would include, but not be limited to: (1) whether McCalla expressed his desire to challenge the sentence; (2) if he did, whether that expressed desire reasonably demonstrated to counsel that he was interested in appealing; and (3) whether counsel ever consulted him regarding an appeal. If counsel did consult him, the district court should ascertain whether counsel advised him on the possible grounds of appeal and the benefits and drawbacks of an appeal. And, perhaps most importantly, the district court should determine whether counsel made an effort to ascertain his wishes, and, if so, whether that effort was reasonable.

**REVERSED AND REMANDED.**

6