# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 21-3044

September Term, 2022

FILED ON: JANUARY 31, 2023

UNITED STATES OF AMERICA,
  APPELLEE

v.

DWIGHT HAYMAN, ALSO KNOWN AS PEE WEE, ALSO KNOWN AS WEE,
  APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cr-00169-2)

Before: MILLETT, KATSAS, and WALKER, *Circuit Judges*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia, and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the United States District Court for the District of Columbia be **AFFIRMED**.

In 2017, the government charged Dwight Hayman with engaging in a narcotics conspiracy that involved the possession and distribution of cocaine, cocaine base, and heroin, as well as a firearms offense. The district court appointed attorney Howard Katzoff to represent him. The government and Hayman ultimately agreed to a plea deal under which Hayman would plead guilty to two counts: (1) conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and (2) carrying and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The parties also agreed that the appropriate sentence for Hayman's offenses was fifteen years of imprisonment—the sum of the mandatory minimums for those two counts—along with five years

1

of supervised release. *See* FED. R. CRIM. P. 11(c)(1) (A "plea agreement may specify that an attorney for the government will: * * * (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case[.]"). Under the plea, the government also agreed to withdraw its 21 U.S.C. § 851 notice of Hayman's prior felony narcotics convictions, which at the time would have subjected Hayman to a sentence of mandatory life imprisonment under 21 U.S.C. § 841(b)(1)(A) (2018). *See also* 21 U.S.C. § 841(b)(1)(A) (2022) (requiring a sentence of not less than 25 years). As part of the plea agreement, Hayman waived his right to appeal unless he claimed ineffective assistance of counsel, or if he received a sentence above the statutory maximum or applicable Sentencing Guidelines range.

In January 2018, the district court accepted Hayman's guilty plea and sentenced Hayman to the agreed-upon fifteen years of imprisonment. But before doing so, the district court pressed the government on the relative leniency of the plea agreement and emphasized the substantial variance that the sentence represented from the applicable Sentencing Guidelines range.

Just under a year after Hayman was sentenced, he moved under 28 U.S.C. § 2255 to vacate his plea and sentence on the ground that he was denied his Sixth Amendment right to effective counsel. Hayman argued that his trial counsel, Katzoff, was constitutionally ineffective because he failed to file a notice of appeal from Hayman's conviction and sentence or to consult with him about an appeal, even though he had a duty to do so. Following an evidentiary hearing, the district court denied Hayman's motion, holding that Katzoff was not constitutionally ineffective under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The district court then granted Hayman a certificate of appealability on his ineffective assistance claim.

We review the denial of a Section 2255 claim for ineffective assistance of counsel *de novo*. *United States v. McLendon*, 944 F.3d 255, 260 (D.C. Cir. 2019). The district court's factual findings are reviewed for clear error. *United States v. Knight*, 981 F.3d 1095, 1101 (D.C. Cir. 2020).

To establish constitutionally ineffective representation of counsel, Hayman must demonstrate both that his "counsel's representation fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984). Where, as here, a defendant does not claim that he explicitly instructed his counsel to file an appeal, the defendant must show that his counsel had a duty to "consult" with him about an appeal and that counsel failed to do so. *Flores-Ortega*, 528 U.S. at 478; *see id.* (defining the term "consult"). A defendant must also show prejudice from counsel's alleged misstep by establishing a "reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. If a defendant makes that showing, "courts are to 'presume prejudice with no further showing from the defendant of the merits of his underlying claims.'" *Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) (formatting modified) (quoting *Flores-Ortega*, 528 U.S. at 484).

We need not decide whether counsel's failure to consult was deficient because, even if it were, Hayman has not shown that he was prejudiced by counsel's behavior. *See Strickland*, 466 U.S. at 697; *see also, e.g.*, *United States v. Glover*, 872 F.3d 625, 630 (D.C. Cir. 2017) ("A court can deny

2

an ineffectiveness claim on either the deficiency or prejudice prong.").

Prejudice "turn[s] on the facts of a particular case." *Flores-Ortega*, 528 U.S. at 485. In this context, evidence "that the defendant in question promptly expressed a desire to appeal" or "that there were nonfrivolous grounds for appeal * * * will often be highly relevant" to a court's evaluation of whether the defendant was prejudiced because such evidence makes it more likely that the defendant would have filed a notice of appeal had counsel provided proper consultation. *Id.*

Hayman has failed to demonstrate prejudice. The district court did not credit Hayman's argument that he directed Katzoff to file an appeal, and Hayman does not contest that factual finding here. Nor has Hayman identified any nonfrivolous claim he would have raised on appeal, which, under the terms of his plea agreement, would have been limited to claiming ineffective assistance of counsel in the plea process.

To be sure, "a defendant's inability to 'specify the points he would raise were his right to appeal reinstated' will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe he would have appealed." *Flores-Ortega*, 528 U.S. at 486 (quoting *Rodriquez v. United States*, 395 U.S. 327, 330 (1969)). But Hayman has not put forward any such reasons, or shown prejudice in any other way. Quite the opposite. Hayman was facing charges of narcotics conspiracy and using a firearm in furtherance of drug trafficking, and because of his criminal record, he would have been subject to a sentence of mandatory life imprisonment if convicted at trial. His counsel, though, successfully persuaded the government to agree to the lowest possible sentence—the mandatory minimum sentence for each count to which he pled guilty. Counsel also managed to hold that generous deal together when the government tried to renege on it the day before Hayman was to plead guilty. J.A. 298–299. Moreover, at Hayman's sentencing, the district court pressed the government on its conclusion that a sentence of just fifteen years was appropriate. So the record demonstrates that if Hayman somehow had overturned his plea on appeal, he would have faced a far more severe penalty than fifteen years, including a potential sentence of mandatory life imprisonment, on remand.

Given the district court's factual findings and the record before us, we conclude that, even if counsel had consulted in the manner Hayman requests, there was no reasonable probability that Hayman would have appealed. And in the absence of any showing of prejudice, Hayman's challenge to counsel's conduct fails.

\* \* \* \* \*

For the foregoing reasons, the judgment of the district court denying Hayman's motion to vacate his conviction is affirmed.[*]

---

[*] We appointed Erica Hashimoto to represent Hayman in this appeal. Ms. Hashimoto and her co-counsel, including arguing counsel Tiffany Yang and student counsel on the briefs, have ably discharged their duties, and the court is grateful for their service.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*.  *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk