**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2989

_____

DANIEL LUCAS
Appellant,

v.

SUPERINTENDENT HOUTZDALE SCI; DISTRICT ATTORNEY PHILADELPHIA;
ATTORNEY GENERAL PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cv-02799)
District Judge: Honorable Nitza I. Quinones Alejandro

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 8, 2024

Before: MATEY, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Opinion filed: June 27, 2024)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Petitioner-Appellant Daniel Lucas filed a federal habeas petition raising a claim he failed to properly present to the state habeas court. The District Court dismissed the petition, but we will vacate that decision and remand.

## I.

In 2015, Lucas pleaded guilty in the Court of Common Pleas of Philadelphia County to third-degree murder, carrying a firearm without a license, and possession of an instrument of crime, and was sentenced to twenty-five to fifty years' imprisonment. A few days later, Lucas, through counsel, moved for reconsideration. The sentencing court denied the motion, and Lucas's counsel did not file a direct appeal.

Soon after, Lucas filed a *pro se* petition for collateral relief under the Pennsylvania Post-Conviction Relief Act ("PCRA") that did not mention his trial counsel's failure to file a direct appeal. The PCRA court appointed counsel who reviewed the record, filed a letter advising the petition lacked merit, and moved to withdraw. Lucas then filed a letter criticizing counsel's failure to address whether his trial attorney was ineffective for failing to file a direct appeal. The PCRA court dismissed Lucas's petition, rejecting Lucas's sentencing challenge. The PCRA court also dismissed the challenge to trial counsel's failure to file a direct appeal because Lucas did not include the issue in his petition or seek leave to add the claim.

Lucas appealed to the Pennsylvania Superior Court, again raising his trial counsel's failure to file a direct appeal. *See Commonwealth v. Lucas*, No. 1592EDA2017, 2018 WL 1631588, at *2 (Pa. Super. Ct. Apr. 5, 2018). The Superior Court affirmed,

2

holding that Lucas "did not preserve" his claim because it was not included in his initial petition and Lucas had not sought leave to amend. *Id.* The Pennsylvania Supreme Court denied review. *Commonwealth v. Lucas*, 199 A.3d 346 (Pa. 2018).[1]

Lucas then filed this federal habeas petition alleging, among other claims, that his trial counsel was constitutionally ineffective for failing to file a direct appeal. His petition was referred to a Magistrate Judge, who requested a response from the Defendants, and then recommended Lucas's petition be denied. The Magistrate found Lucas's claim to be procedurally defaulted because he failed to properly present the claim in his Commonwealth filings.

Lucas objected to the Magistrate's Report and Recommendation. He argued that, though his claim was procedurally defaulted, cause existed to excuse his default under *Martinez v. Ryan*, 566 U.S. 1 (2012), because his PCRA counsel was constitutionally deficient for failing to raise the ineffective assistance of his trial counsel. The District Court overruled Lucas's objections, adopted the Report and Recommendation, and denied Lucas's habeas petition. As to Lucas's *Martinez* argument, the District Court noted that, to excuse procedural default on that basis, "a petitioner must demonstrate 'that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" App. 3 n.1 (quoting *Martinez*, 566 U.S. at 14). The District Court found Lucas had not shown his

---

[1] Later, Lucas filed a second PCRA petition, this time raising the claim that his trial counsel was ineffective for failing to file a direct appeal. This second petition was dismissed as untimely, and the Superior Court affirmed.

underlying claim had some merit because he made no "attempt to show any merit to the forfeited direct appeal." App. 3 n.1. Lucas timely appealed, and we granted a certificate of appealability as to whether the District Court erred in concluding Lucas failed to excuse default under *Martinez*.[2]

## II.

The District Court erred in requiring Lucas "to show any merit to the forfeited direct appeal" to excuse his procedural default under *Martinez*. App. 3 n.1.[3] Lucas advanced two theories of ineffective assistance. First, Lucas argues his counsel ignored a specific instruction to appeal. Second, he argues his counsel failed to consult him regarding an appeal.[4] To succeed on the merits of either theory, Lucas need not show that the underlying appeal, if it would have been filed, would have had merit. *See Rodriquez v. United States*, 395 U.S. 327, 329–30 (1969) (holding that when counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit); *Roe v. Flores-Ortega*, 528 U.S. 470, 484–86 (2000) (adopting the same rule for when trial counsel is deficient for failing to consult a

---

[2] The District Court had jurisdiction over Lucas's petition under 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review is plenary. *Kennedy v. Superintendent Dallas SCI*, 50 F.4th 377, 381 (3d Cir. 2022).

[3] Under *Martinez*, Lucas must also establish that Pennsylvania's procedural framework makes it unlikely that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal and his PCRA counsel was ineffective for failing to raise the issue in Lucas's initial PCRA proceeding. *See Trevino v. Thaler*, 569 U.S. 413, 423, 429 (2013). Because the District Court addressed neither issue below, we need not address either here.

[4] There is some tension between these two theories. But at this stage, we accept the second argument as one in the alternative.

defendant regarding an appeal). So Lucas also need not make such a showing to demonstrate his underlying claim has "some merit" for purposes of *Martinez*. 566 U.S. at 14.

Instead, the District Court must consider whether there was "some merit" to Lucas's claim that 1) he specifically instructed his trial counsel to file an appeal, or 2) his trial counsel failed to consult him regarding an appeal, even though Lucas "reasonably demonstrated to counsel that he was interested in appealing," and Lucas would have appealed but for trial counsel's failure to consult, *Flores-Ortega*, 528 U.S. at 480.

We take no position on whether Lucas has shown that the evidence establishes Lucas requested an appeal, his counsel failed to consult him regarding an appeal, or he reasonably demonstrated to counsel that he was interested in appealing. *See Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 721–24 (3d Cir. 2022). That is for the District Court to determine in the first instance on remand.

* * *

Accordingly, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion.