**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD BRENT HARRIS, | No. 24-642 |
| Petitioner - Appellant, | D.C. No.<br>1:19-cv-01203-JLT-SAB |
| v. | |
| SCOTT FRAUENHEIM, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Argued and Submitted January 16, 2025
San Francisco, California

Before: H.A. THOMAS and MENDOZA, Circuit Judges, and BOLTON, District
Judge.[**]
Dissent by Judge BOLTON.

Gerald Brent Harris appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Our review of Harris' petition is governed by the Antiterrorism and Effective

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2254(d). Under AEDPA, we may grant habeas relief only if the state court's adjudication of Harris' claim was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* We review de novo a district court's denial of a habeas petition. *Lee v. Thornell*, 118 F.4th 969, 980 (9th Cir. 2024). We affirm.

The state supreme court's determination that Harris did not expressly instruct his trial counsel to file a notice of appeal was not objectively unreasonable. The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). When "a defendant's wishes are less clear," *Garza v. Idaho*, 586 U.S. 232, 242 n.9 (2019), we focus on counsel's consultation with the defendant, *Flores-Ortega*, 528 U.S. at 478. Harris' question to his attorney—whether she "would" appeal—is susceptible of more than one understanding, including that the question fell short of a specific instruction to appeal. And any argument that Harris' trial counsel acted in an unprofessional manner by failing to follow up with appellate counsel and with him, was not

exhausted in state court proceedings. 28 U.S.C. § 2254(b)(1)(A). Because

"fairminded jurists could disagree" as to whether Harris instructed his attorney to

appeal, under AEDPA, the state court's determination must stand.[1] *Harrington v.*

*Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004)).

     **AFFIRMED.**

---

[1] We decline to consider Harris' uncertified issues because he fails to make a "substantial showing of the denial of a constitutional right." *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (quoting 28 U.S.C. § 2253(c)(2)).

*Harris v. Frauenheim*, 24-642
BOLTON, District Judge, dissenting:

I am troubled by this case because of the words that Harris used. Harris' statement in his sworn declaration wherein "[he] asked Ms. Singh if she would appeal," taken as true, constitutes "express instructions" to file an appeal. *Flores-Ortega*, 528 U.S. at 478. Prejudice is presumed when an attorney fails to file an appeal against a petitioner's express wishes. *Id.* at 477. If Harris' allegations that his counsel failed to carry out his instruction to file a notice of appeal are true, he would be entitled to relief. *Id*. I would therefore reverse and remand for an evidentiary hearing.