

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD–1137-16

---

### DAN DALE BURCH, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### MONTGOMERY COUNTY

---

KEEL, J., filed a concurring opinion in which RICHARDSON, YEARY, and
WALKER, JJ., joined.

### CONCURRING OPINION

Appellant was eligible for probation from a jury. He was not eligible for probation

from a judge. His attorney advised him otherwise, and he waived his right to jury

punishment. Appellant claims that he would not have done so if his attorney had

correctly advised him about his probation eligibility. If that is true, Appellant has

demonstrated deficient performance and prejudice, i.e., ineffective assistance of counsel.

Under such circumstances, Appellant would be entitled to a new punishment hearing.

But viewing the evidence in the light most favorable to the trial court's ruling, the motion for new trial was properly denied because the trial court did not have to believe that Appellant would have waived a jury punishment hearing even if his attorney had correctly advised him about probation eligibility. Thus, I agree with the majority opinion's outcome. But I cannot join its reasoning because it addresses Appellant's ineffective assistance claim by evaluating prejudice in terms of the outcome of a jury punishment hearing that was not had instead of in terms of the impact that the attorney's bad advice had on Appellant's decision to waive a jury for punishment. That analysis misconstrues applicable U.S. Supreme Court precedent and is unnecessary to the opinion's result.

Claims of ineffective assistance of counsel generally must meet a two-part test: deficient performance and prejudice. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Deficient performance is not at issue here. The question is how to measure prejudice when the attorney incorrectly advised Appellant that he was eligible for probation from the trial court. The answer is that prejudice must be measured in light of the deficient performance.

For example, deficient performance at trial will lead to a prejudice inquiry that focuses on whether the outcome of the proceeding would have been more favorable but for the deficient performance. *See, e.g.*, *Strickland*, 466 U.S. at 699-700 (prejudice from allegedly deficient performance in failing to present evidence at punishment hearing was

analyzed in terms of its effect on the punishment hearing). But the prejudice inquiry for bad advice about whether to forego a proceeding "focuses on a defendant's decisionmaking[.]" *Lee v. United States*, 137 S.Ct. 1958, 1966 (2017). It does not depend on the outcome of the proceeding that was not had nor even the fairness of the proceeding that was had. Instead, the focus is on "the fairness and regularity of the processes that preceded it, which caused the defendant to lose benefits he would have received in the ordinary course but for counsel's ineffective assistance." *Lafler v. Cooper*, 566 U.S. 156, 169 (2012).

The right to effective assistance of counsel "applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice." *Id.* at 165. Bad advice that causes a defendant to give up a proceeding to which he had a right amounts to ineffective assistance of counsel because the waiver of the proceeding is the prejudice. *See, e.g.*, *Lee*, 137 S.Ct. at 1965 (waiver of jury trial); *Lafler*, 566 U.S. at 165 (rejection of plea agreement); *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (waiver of appeal); *Hill*, 474 U.S. at 59 (waiver of jury trial).

The likely success of the forfeited proceeding is relevant only insofar as it informs the evaluation of the defendant's decision-making. Thus, a defendant facing a high risk of conviction will seldom demonstrate prejudice in accepting a plea bargain that offers him a better outcome than would be likely after trial. *Lee*, 137 S.Ct. at 1966.

But that is not because the prejudice inquiry in this context looks to the probability of a conviction for its own sake. It is instead because defendants obviously weigh their prospects at trial in deciding whether to accept a plea.

*Id.* Similarly, the possible merits of a forfeited appeal "may give weight to the contention that the defendant would have appealed," but the failure to establish those merits "will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed." *Flores-Ortega*, 528 U.S. at 486 (citing *Rodriguez v. United States*, 395 U.S. 327, 330 (1969)).

The correct measure of prejudice for this case is whether Appellant would have elected the jury for punishment if his attorney had correctly advised him that he was ineligible for probation from the trial court. Since the majority opinion instead endorses measuring prejudice by the outcome of a jury punishment hearing that was never had, I concur in the result only.

Filed: November 15, 2017

Publish