**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0405-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIAM LEE, a/k/a
WILLIAM W. LEE,
and WILLIAM T. LEE,

     Defendant-Appellant.

_____

Submitted January 19, 2021 – Decided February 9, 2021

Before Judges Sabatino and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 16-05-0427.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Stephen C. Sayer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant William Lee appeals from the August 9, 2019 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We vacate the August 9, 2019 order and grant defendant leave to file a direct appeal of his conviction as if within time.

I.

The following facts are derived from the record. In 2016, State Police investigators conducted a surveillance operation in an area of Millville known for illicit drug activity. Troopers observed a number of transactions that, based on their training and experience, they considered to be narcotics sales. Those transactions involved a man later identified as defendant.

Officers moved in to arrest defendant. As they approached, they observed defendant drop six wax paper folds containing what was later identified as heroin. A search of defendant after his arrest revealed $940 in cash and 142 additional wax paper folds containing heroin in his jacket pockets. After securing defendant's consent to search his residence, investigators found an additional fifty wax paper folds containing heroin and $200 in cash.

A grand jury subsequently indicted defendant, charging him with: (1) third-degree possession of a controlled dangerous substance with intent to

2

distribute in violation of N.J.S.A. 2C:35-5(b)(3) (count one); and (2) third-degree possession of a controlled dangerous substance in violation of N.J.S.A. 2C:35-10(a)(1) (count two).

At the first court hearing after defendant's arraignment, the State offered to recommend a four-year sentence with a two-year period of parole ineligibility in exchange for a guilty plea to the first count of the indictment. Defendant's counsel declined the offer and later moved to suppress the evidence obtained during defendant's arrest. The court denied the motion.

Defendant subsequently retained new counsel to whom he agreed to pay $7500. A short time later, defendant entered a guilty plea to the first count of the indictment based on the State's prior offer of a four-year sentence with a two-year period of parole ineligibility.

On September 8, 2017, the court sentenced defendant in accord with the agreement. Although defendant and his counsel completed a notice of appeal rights form, his counsel did not file a direct appeal of his conviction.

On May 25, 2018, defendant filed a PCR petition in the Law Division. He alleged he was denied the effective assistance of counsel because his second trial attorney failed to follow his instructions to file a direct appeal challenging the denial of the suppression motion. Defendant argued he hired the second

attorney expressly for the purpose of filing a direct appeal and, after the sentencing hearing, the attorney refused to take his calls about the status of what he thought was a pending appeal.

In opposition to the petition, the State submitted an affidavit from defendant's second attorney stating that he had not been retained to file a direct appeal, that defendant never instructed him to file an appeal, and that his fee was for negotiating the plea agreement and convincing the State to give defendant time to arrange his personal affairs prior to sentencing. The attorney stated that the $7500 fee was "drastically reduced" from his ordinary fee and did not include appellate representation. A copy of the retainer agreement between defendant and his second attorney indicates that it "does not include any appellate work." The attorney conceded that despite the provision of the retainer agreement to the contrary, had defendant instructed him to file an appeal, he would have been obligated to file a protective notice of appeal.

The trial court issued an oral opinion denying defendant's petition. Although the court did not hold an evidentiary hearing, it allowed defendant to provide sworn testimony before issuing its opinion. The court concluded that defendant's second attorney, despite any provision in the retainer agreement to the contrary, had an obligation to file a notice of appeal if asked to do so by

4

defendant. However, the court concluded that the evidence with respect to whether defendant made such a request was in equipoise.

In addition, the court concluded that even if counsel had been asked to file a notice of appeal and failed to do so, defendant did not make a prima facie showing that he was harmed by the absence of a direct appeal. First, the court concluded that it was unlikely that this court would have reversed the trial court order denying the suppression motion. The court reasoned that the officers' observations justified their arrest of defendant and their search incident to arrest. In addition, the court concluded, the officers observed wax paper folds in plain view in defendant's residence and secured his written consent to conduct a search of his home. Second, the court found that defendant's suppression motion addressed only the evidence found in the search of his residence, not the heroin and cash found on his person. The court concluded that that evidence was sufficient to support the charges in the indictment, regardless of the outcome of the suppression motion. An August 9, 2019 order memorializes the court's decision.

This appeal followed. Defendant raises the following argument for our consideration.

> MR. LEE IS ENTITLED TO AN EVIDENTIARY
> HEARING ON HIS CLAIM THAT HIS ATTORNEY

5

RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO FILE A DIRECT APPEAL.

II.

Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.]"  "A petitioner must establish the right to such relief by a preponderance of the credible evidence."  State v. Preciose, 129 N.J. 451, 459 (1992).  "To sustain that burden, specific facts" which "would provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel.  State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)).  To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, and adopted by our Supreme Court in Fritz.  466 U.S. at 687; 105 N.J. at 58.

6

A-0405-19

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 at 157-58). A hearing is

required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

"[T]o establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied effective assistance of counsel." Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). A PCR petition must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity[,]" State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance[,]" Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170); see also R. 3:22-10(c).

In Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000), the Court held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a

successful ineffective assistance of counsel claim entitling him to an appeal." Thus, "[a] lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477 (citing Rodriquez v. United States, 395 U.S. 327 (1969)).

The trial court found, based on defendant's testimony and the written submissions, that the evidence with respect to whether he instructed his attorney to file an appeal was at equipoise. The correct inquiry, however, was whether defendant had made a prima facie showing entitling him to an evidentiary hearing with respect to whether the instruction was given. Defendant's certification, testimony, and other evidence, including defendant having paid a $7500 retainer purportedly only for defendant accepting a previously offered plea and the signed notice of appeal rights form, constituted a prima facie showing of ineffective assistance of counsel. An evidentiary hearing was warranted.

However, in the interest of preserving the resources of the parties and the court, rather than remanding this matter for an evidentiary hearing, we elect to remedy the alleged deprivation of the right to effective counsel by granting defendant leave to file a direct appeal of the trial court's order denying his

9

motion to suppress as if within time. Defendant shall file the appeal within forty-five days of the date of this opinion.[1]

The August 9, 2019 order is vacated. Defendant is granted leave to file, within forty-five days, a direct appeal of his conviction as if within time.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Ordinarily, we would, as did the trial court, attempt to resolve this matter by deciding whether an appeal of the denial of the suppression motion would have been successful. See Strickland, 466 U.S. at 697. Defendant has not, however, briefed that issue before this court.

A-0405-19